PER CURIAM.
Joe D. Kinsey, a suspended member of The Florida Bar, has petitioned this court to order The Florida Bar to cease and desist from taking further disciplinary action against him. We have heard argument on the petition.
Petitioner was on December 4, 1964 adjudged to be incompetent, following which his membership in the Bar was automatically suspended as of January 25, 1965. He was restored to sanity by court order on February 23, 1965 and on February 27, 1965 he made application to The Florida Bar for reinstatement as a member in good standing, which application was denied. Thereafter a complaint charging professional misconduct was filed against petitioner, the charges were tried, and the referee filed *211 his report before the Board of Governors in November, 1966.
Prior to the Board taking action on the referee’s report, the petitioner submitted his resignation as a member of the Bar. Then before action was taken by the Board of Governors on the petitioner’s resignation the subject petition was filed in this court together with a withdrawal of the resignation previously submitted to the Board of Governors.
The petitioner has the right to withdraw his resignation. It is considered withdrawn. However, no sufficient reason for entry thereof being shown the petition for order mandating The Florida Bar to cease and desist is denied. The Florida Bar is directed to proceed forthwith to complete its consideration of the referee’s report and file its recommendations before this court at the earliest practical date.
We are constrained to observe that petitioner was automatically suspended from the practice solely by reason of an order of incompetency pursuant to The Integration Rule, Article II, Section S, 31 F.S.A. The basis for the automatic suspension was removed upon entry of the order of restoration in February, 1965. Despite the fact that petitioner has been legally restored to sanity for almost two years the suspension based on his being declared incompetent has been continued in effect during that period.
The petitioner did not seek review of the denial of his application for reinstatement nor is it before us now. We therefore cannot consider its correctness. Nevertheless, we question seriously the validity of continuation of an automatic suspension once the basis for it has been removed as in this case.
Further, we feel we must suggest that in its consideration of any discipline to be awarded petitioner in the proceedings pending before it the Board of Governors should consider that the petitioner has already been suspended from the practice for almost two years.
It is so ordered.
THORNAL, C. J., and THOMAS, ROBERTS, DREW and O’CONNELL, JJ., concur.