PER CURIAM.
By petition for an order lifting suspension, Franklyn Levenson seeks to be restored to good standing as a member and practitioner of The Florida Bar. By response through counsel, the Bar seeks to avoid reinstatement of petitioner and asks appointment of a referee to inquire into certain matters which reflect on petitioner’s fitness to resume practice in our honored profession.
The facts which led to suspension of petitioner are set out in the order of suspension, 211 So.2d 173. Briefly stated, they are: Petitioner was convicted in Federal District Court of multiple, willful violations of the national banking laws. Sentence was suspended and he was placed on probation for five years. The terms of probation were suspended pending appeal. Upon conviction, petitioner was suspended from practice pursuant to the Integration Rule of The Florida Bar. In those proceedings, petitioner asked that he be allowed to continue to serve his clients pending appeal ; this request was denied, and petitioner was suspended. In the order of this Court, we stated that the suspension should continue “until the aforesaid conviction is reversed by a competent court, or, if affirmed, then until he shall be reinstated

*795 Petitioner contends that his conviction was reversed upon appeal by the United States Court of Appeal, Fifth Circuit, and the indictments which formed the basis for the conviction were dismissed by the government. Petitioner alleges he thereafter applied to The Florida Bar to have his suspension lifted and his name restored to the list of practitioners in good standing. The Bar stated that petitioner would have to seek reinstatement from this Court. Petitioner 'thereupon filed a request for reinstatement, grounded on the fact that his conviction had been reversed, and indictments dismissed.
The Florida Bar by response and cross-petition opposes petitioner’s plea for reinstatement, and requests that a referee be appointed. The Bar’s reasons for this request were stated to be that, although the conviction was reversed and charges dismissed, the reversal was ordered because of an error in failing to charge the jury on the issue of insanity. The reversal was based upon the authority of a federal case decided after petitioner’s trial. The Bar states that after reversal, the United States Attorney, in view of the great complexity of the original trial, the length of the trial and transcript, the five-year probation term given Levenson, and the status of the current docket, decided to seek dismissal of the indictment against Levenson. This was granted by the Federal court, precluding a new trial.
By reply, petitioner asserts that The Florida Bar has no authority to “go behind” the order of dismissal and inquire as to the circumstances. Petitioner is in error. The Florida Bar has not only the authority, but the positive duty, when the fitness of a practitioner is called into question as it is by indictment of a serious crime, to examine the record and the circumstances in order to formulate a recommendation to this Court as to the fitness of the individual to continue in the practice of law.
Petitioner also argues that if the Bar does have authority to look to the circumstances, that his conviction by jury was due solely to the fact that he was tried with nine other defendants. This contention is without merit, in light of the statement by the United States Circuit Court of Appeal, in its order reversing petitioner’s conviction, where it stated that
“Aside from the insanity issue we have no doubt whatever that the evidence introduced was clearly sufficient to sustain the jury’s verdict of guilty as to Levenson.” Gordon v. United States, 438 F.2d 858, 885 (C.C.A. 5 1971).
Petitioner also argues that the trial judge considered the evidence and the circumstances, and made a material distinction between petitioner’s involvement and that of other persons. We merely observe that the determination by the trial judge relating to the matter of guilt or punishment is not controlling on this Court in a disciplinary proceeding, in which the question is ethical fitness to practice law and to assume a mantle of public trust.
It is clear from a review of the record that petitioner was convicted, and that on appeal the Court of Appeal concluded that the evidence against petitioner was sufficient to sustain that conviction. The reversal was grounded not on innocence, but on error by the trial court in failing to instruct the jury as to petitioner’s alleged insanity. The dismissal of the indictment leaves the question of insanity unresolved. Nothing in the record suggests that the evidence against petitioner was not sufficient to sustain conviction. We observe that reversal of a conviction in many instances serves to completely nullify any effect of that conviction; in the present case, however, the reversal was made on grounds directly going to petitioner’s competency. His breach of ethics is established ; his excuse was incompetency, an issue which relates to fitness and ability to discharge the responsibilities of an attorney.
*796 The Florida Bar asks a referee be appointed with powers to examine the trial transcript and to hear witnesses and otherwise examine into the question of petitioner’s fitness to resume the practice of law. The Bar also asks that no order of reinstatement be entered by this Court until the issues of sanity and participation in criminal conduct are clarified.
In light of the unresolved issues in this proceeding which directly concern petitioner’s fitness to practice law, we conclude the public and the Bar are best served by withholding entry of an order of reinstatement, in order that The Florida Bar may appoint a referee and inquire into the matters here involved, and submit its conclusions to this Court.
It is so ordered.
ROBERTS, C. J„ and ERVIN, ADKINS, BOYD and DEKLE, JJ.,'concur.