PER CURIAM.
Charles E. Thomson, a suspended member of The Florida Bar, has petitioned this Court to issue a writ of mandamus directing the Board of Governors of The Florida Bar to reinstate him to membership in The Florida Bar. We issued the alternative writ of mandamus and a return was filed.
*496 On April 1, 1970, the petitioner became a delinquent member of The Florida Bar for failure to pay his dues for the year 1970. Thereafter, on March 22, 1971, petitioner filed his petition for reinstatement, together with his check for payment of all fees and charges owing, as well as a reinstatement fee of $10.00, payable to The Florida Bar as required by Article VIII of the Integration Rule. Approximately five months later, on October 21, 1971, the Assistant Executive Director of The Florida Bar, notified petitioner that his petition for reinstatement was denied by Order of the Board of Governors of The Florida Bar.
At no time has the petitioner ever been suspended from membership in The Florida Bar for anything other than his failure to pay dues. Second, an Article VIII suspension for failure to pay dues is automatic unlike an Article XI disciplinary proceeding, which deals with violations of the disciplinary code.
Petitioner contends that once the basis for an automatic suspension is removed, the suspension should be lifted, as The Florida Bar has no discretion in the matter. We agree.
In a similar case, Kinsey v. The Florida Bar, 195 So.2d 210 (Fla.1967), decided on another issue, we touched on the question confronting us in the case sub judice. We stated:
“We are constrained to observe that petitioner was automatically suspended from the practice solely by reason of an order of incompetency pursuant to The Integration Rule, Article II, Section 5, 31 F.S.A. The basis for the automatic suspension was removed upon entry of the order of restoration in February, 1965. Despite the fact that petitioner has been legally restored to sanity for almost two years the suspension based on his being declared incompetent has been continued in effect during that period.
“The petitioner did not seek review of the denial of his application for reinstatement nor is it before us now. We therefore cannot consider its correctness. Nevertheless, we question seriously the validity of continuation of an automatic suspension once the basis for it has been removed as in this case.” (p. 211)
The Florida Bar, however, contends that the dicta expressed in Kinsey v. The Florida Bar, supra, is not controlling and we should be guided by our recent decision in The Florida Bar v. Levenson, 252 So.2d 794 (Fla.1971). This we cannot do. The only similarity between the two cases is that Levenson, like petitioner, asked this Court to order The Florida Bar to restore him to good standing.
His suspension, however, was not an automatic suspension like petitioner’s for failure to pay The Florida Bar dues, pursuant to Article VIII. Rather, he was suspended following conviction in the Federal District Court for multiple, wilful violations of the national banking laws. His conviction was reversed on appeal and the government decided against retrying him. Consequently, the charges were dismissed. He then petitioned this Court. We denied, saying:
“It is clear from a review of the record that petitioner was convicted, and that on appeal the Court of Appeal concluded that the evidence against petitioner was sufficient to sustain that conviction. The reversal was grounded not on innocence, but on error by the trial court in failing to instruct the jury as to petitioner’s alleged insanity. The dismissal of the indictment leaves the question of insanity unresolved. Nothing in the record suggests that the evidence against petitioner was not sufficient to sustain conviction. We observe that reversal of a conviction in many instances serves to completely nullify any effect of that conviction; in the present case, however, the reversal was made on grounds directly going to petitioner’s competency. His breach of ethics is established; his excuse was in *497 competency, an issue which relates to fitness and ability to discharge the responsibilities of an attorney.” The Florida Bar v. Levenson, 252 So.2d 794, 795.
What The Florida Bar has done is to take dicta from the Levenson case and try to fit the case sub judice into the Levenson pattern. It cannot be done. The misunderstood sentence reads as follows:
“The Florida Bar has not only the authority, but the positive duty, when the fitness of a practitioner is called into question as it is by indictment of a serious crime, to examine the record and the circumstances in order to formulate a recommendation to this Court as to the fitness of the individual to continue in the practice of law.” The Florida Bar v. Levenson, 252 So.2d 794, 795.
The petitioner’s suspension is of a completely different nature; i. e., a suspension for nondisciplinary reasons, and cannot be treated by the Board of Governors in the same manner.
Once petitioner’s petition for reinstatement following his suspension for failure to pay dues was complete, the Board of Governors should have automatically reinstated him. This is a ministerial action and should be done promptly.
We therefore conclude that the answer to the alternative writ of mandamus of The Florida Bar does not present a defense to the prima facie case made by the petitioner, and that the peremptory writ of mandamus should issue. We withhold the issuance of a formal writ in full confidence that The Florida Bar will reinstate the petitioner in accordance with the views as herein set forth.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, McCAIN and DEKLE, JJ., concur.