PER CUÍIIAM.
Respondent Franklyn Levenson petitions us for reinstatement to the practice of law, from which he was suspended in 1968 by order of this Court reported in Florida Bar v. Levenson, Fla., 211 So.2d 173.
Thereafter in 1971 Respondent petitioned us for reinstatement to the practice of law after his conviction of a Federal offense was reversed by the United States Court of Appeals, Fifth Circuit. We declined to reinstate but acceded to The Florida Bar’s suggestion that a referee be appointed to determine from an evidentiary hearing Respondent’s fitness to practice law.
See The Florida Bar v. Levenson, Fla., 252 So.2d 794.
Pursuant to our action reported in 252 So.2d 794, The Florida Bar appointed a referee to hold the evidentiary hearing.
Such hearing has been held. The Referee’s report narrates the gist of the evidence adduced before him. Based on the pleadings, exhibits and evidence as reflected in his report, the Referee makes the following findings and recommendations:
“1. The respondent’s explanation of the charges against him and his non-complicity is plausible and worthy of belief. The preponderance of evidence is in favor of the respondent.
*128 “2. Respondent failed to testify in the Federal trial wherein he was one of many defendants charged with conspiracy. The explanation offered was that his refusal to testify was on advice of counsel in the face of threats by other defendants of retaliation.
“3. There is no evidence that respondent personally profited in any way from the fraud visited upon the Five Points Bank. The evidence is to the contrary. It appears that respondent was himself the victim of fraud by his alleged conspirators.
“RECOMMENDATION OF GUILT
“It is recommended that respondent be found not guilty of the violations charged in the complaint and specifically not guilty of violating Rule 11.02 of Article XI of the Integration Rule and Code of Professional Responsibility, Canon 1, Disciplinary Rules 1-102[A] (4) and (6), 32 F.S.A.
“RECOMMENDATION OF DISCIPLINE
“It is recommended that the respondent be reinstated to the Bar of Florida and permitted to practice law in the State of Florida.”
Counsel for The Florida Bar has filed with us the following statement:
“THE FLORIDA BAR joins in recommending approval of the [Respondent’s] foregoing Petition for Reinstatement.”
The foregoing having been duly considered, it is ordered that Franklyn Levenson be and he is reinstated to the practice of law.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.