337 So.2d 400 (1976)
Charles Albert HUCKELBURY, Appellant,
v.
STATE of Florida, Appellee.
No. 75-1497.
District Court of Appeal of Florida, Second District.
September 15, 1976.
Rehearing Denied October 12, 1976.
*401 David A. Maney of Gordon & Maney, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The trial court refused to set aside the conviction of Charles Albert Huckelbury, which was based on his negotiated plea of guilty to first degree murder entered by him while he was represented by an Assistant Public Defender who was not a member of the Florida Bar. Huckelbury appeals. We reverse.
Appellant Huckelbury was charged with first degree murder and conspiracy to commit murder. After finding him to be insolvent, the trial court directed the Office of the Public Defender of the Twentieth Judicial Circuit to represent him. The Honorable Douglas M. Midgley, Public Defender for that circuit, assigned one of his assistants, Lawrence A. Pearce, Jr., to represent Huckelbury. Pearce had been employed by Midgley some months before, after having represented to Midgley that he was a member of the Florida Bar. While actively representing Huckelbury, Pearce conducted certain negotiations with the Office of the State Attorney, and on November 12, 1974, Huckelbury accompanied by Pearce, pled guilty to first degree murder before the Honorable William Lamar Rose, Circuit Judge. From the colloquy it appears the plea was freely and voluntarily entered after consultation between Huckelbury and his counsel, Pearce. A factual basis was developed and the court explained the consequences of the plea to Huckelbury. As a result of plea negotiations, the State waived the death penalty and nolle prossed the conspiracy charge. The trial court accepted Huckelbury's plea and sentenced him to life imprisonment.
Subsequently, Huckelbury became aware that Pearce was not a qualified lawyer at the time of his representation. Huckelbury retained private counsel and pursuant to RCrP 3.850, he sought to revoke his plea and have the court vacate his judgment of conviction and sentence on grounds that he was not represented by qualified counsel. Following an evidentiary hearing, the trial judge on September 17, 1975, denied appellant's motion, holding:

*402 "1. That the plea of guilty of the Defendant on November 12, 1974, which is incorporated into this Order, was freely and voluntarily given after extensive examination by the Court.
2. Larry Pearce, at the time of his representation of the Defendant, was a law school graduate who had passed the Florida bar examination.
3. The pleadings and actions before this court demonstrated Larry Pearce's competence and ability in his representation of the Defendant."
The trial judge viewed the issue on Huckelbury's petition to be solely whether Huckelbury was afforded qualified representation by Pearce. And, although the original record is devoid of any predicate for so much of the trial judge's findings in Number 2 as states that Pearce had passed the Florida Bar Examination, we do not quarrel with the remaining findings. The testimony reveals Pearce to be a law school graduate; however, the State stipulated that he was not a licensed member of the Florida Bar at the time of his representation of Huckelbury. Since the record as originally furnished us did not disclose why Pearce was not admitted, we relinquished jurisdiction to the trial court directing a further evidentiary hearing to develop the reasons why Pearce was not a qualified member of the Florida Bar.
As supplemented, the record now before this court reveals the Florida Board of Bar Examiners in January 1975, found that Pearce received a J.D. degree from Creighton University in 1974, prior to being employed as an Assistant Public Defender. Although his grade on the Florida Bar Examination was above the minimum passing grade, the results had been impounded by the Supreme Court of Florida, since Pearce failed to meet the standards of character for applicants to the Florida Bar required under the provisions of Art. IV, § 20, of the Rules of Supreme Court of Florida Relating to the Admissions to the Bar. Specifically, the Board determined that Pearce failed to reveal certain prior school attendance and employment, altered certain of his academic transcripts, and testified falsely before the Board on various matters, including claiming to be unemployed at a time when he was actually working for the Public Defender of the Twentieth Judicial Circuit.[1]
With the landmark case of Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, the principle became well established that an indigent defendant charged with a felony is entitled to court-appointed counsel unless he understandingly and intelligently waives that right. Huckelbury had been declared indigent by the court and requested counsel. While he did not have the right to representation by any particular member of the Bar, he was entitled to be advised and represented at every critical stage of the case by counsel certified by the State to be competent and of good moral standing. In Florida the Legislature responded to the constitutional requirement to appoint counsel for indigents in establishing the Office of Public Defender in each judicial circuit of the state. Fla. Stat. §§ 27.50, et seq. Appropriately the Public Defender was appointed to represent Huckelbury. In the course of events the Public Defender delegated the assignment to Pearce, an Assistant, believed in good faith by the Public Defender to be a qualified member of the Bar.[2]
Huckelbury's entry of a plea of guilty and his sentencing were critical steps in the criminal process where he was entitled to be represented by court-appointed counsel. Sardinia v. State, Fla. 1964, 168 So.2d 674; Reader v. State, Fla.App.2d 1964, 168 So.2d 557; RCrP 3.111. Recently the Supreme Court of Florida reiterated that a guilty plea resulting in imprisonment *403 entered without counsel is invalid. Rollins v. State, Fla. 1974, 299 So.2d 586.
We must reject the arguments of the State to the effect that the quality of legal services rendered is the only controlling factor in determining whether or not the appellant was deprived of his fundamental rights. And, although Pearce, while representing Huckelbury, had been in contact with Mr. Midgley, nevertheless, no serious contention is made that Midgley himself was serving as counsel to Huckelbury. Rather, while Midgley was supervising Pearce, that supervision according to Midgley was at the level maintained over duly qualified lawyers. This, of course, is understandable considering the volume of cases assigned to the Office of Public Defender. Nor is it any answer to cite the Florida Bar Program of allowing senior law students to appear as interns. The intern program requires a degree of supervision far beyond that which a Public Defender would be expected to maintain over his professional staff.[3] Here, the appellant entered a plea of guilty to a first degree murder charge and thereby waived his privilege against self-incrimination, his right to a jury trial, and his right to confront his accusers and other protections afforded an accused under our federal and state constitutions. See Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. To be valid, such a waiver must be entered on a voluntary and advised basis. And where, as here, such plea is entered upon advice of one who, in effect, was an imposter in the legal profession, we cannot say that the requirement for counsel was fulfilled, or that the plea was voluntarily and advisedly entered.
The right to court-appointed counsel presupposes appointment of counsel fully accredited by competency and moral standards[4] to practice law. Pearce did not meet those requirements.
We emphasize that we are not here dealing with a person who merely failed to comply with some administrative requirement prerequisite to membership in the Florida Bar. Rather, we are dealing with a situation where one without proper credentials as a lawyer in any state or federal jurisdiction posed as a lawyer. And, he who so posed has not been considered to be of sufficient moral fiber to bear the stamp of approval of the Florida Bar. Here, there was an actual and knowing misrepresentation on the part of Pearce to his client. Pearce's representation that he was a qualified member of the Bar was relied upon by the appellant Huckelbury just as it was by the Public Defender. Both were deceived by Pearce.
Accordingly, the order of the trial court is reversed with directions to vacate the judgment of conviction and sentence and allow the appellant to enter a new plea.
McNULTY, C.J., and BOARDMAN, J., concur.
NOTES
[1] On July 27, 1976, Lawrence A. Pearce was permanently enjoined by the Supreme Court of Florida from his activities, which constituted unauthorized practice of law in the State. The Florida Bar, Re: Lawrence A. Pearce, Case No. 49,383, opinion filed July 27, 1976.
[2] Midgley immediately discharged Pearce upon learning that he was not a member of the Florida Bar.
[3] See Integration Rule of the Florida Bar, Art. 18, § 6.
[4] The correlation between moral character and the lawyer's role in society was simply but eloquently stated by the Supreme Court in State v. Murrell, Fla. 1954, 74 So.2d 221, where the late Justice Terrell, speaking for the court, stated:

"There is in fact, no vocation in life where moral character counts for so much or where it is subjected to more crucial tests by citizen and the public than is that of members of the bar. His client's life, liberty, property, reputation, the future of his family, in fact all that is closest to him are often in his lawyer's keeping. The fidelity and candor with which he performs his trust, point up reasons that distinguish the legal profession from other businesses... ."