342 So.2d 970 (1977)
THE FLORIDA BAR, Complainant,
v.
David N. HIRSCH, Respondent.
No. 50149.
Supreme Court of Florida.
February 17, 1977.
Stanley B. Powell, Bar Counsel, and David G. McGunegle, Asst. Staff Counsel, Tallahassee, for complainant.
David N. Hirsch, in pro. per.
DREW, Justice, Retired.
The Referee recommends that David N. Hirsch be suspended from the practice of law for three months for violating Integration Rule, Art. XI, Rule 11.02(2) and 11.02(4). Pertinent portions of his cogent and well reasoned findings are:
"I. THE PLEADINGS:
"The complaint charged that respondent received $3,311.51 from his client, in trust, for the express purpose of paying and satisfying said clients' obligation to a Tallahassee bank. When receiving said funds, respondent also received $131.00 for attorneys [sic] fees and recording fee for recording the clients' deed which was to be delivered by said bank, when the obligation of the client was fully paid.
"The clients' funds were placed in respondent's trust account together with funds of other clients. However, the said clients' debt to the bank was not promptly paid. The respondent's trust account was dissipated to the point where the account contained less than $3,311.51. At one point, it contained only $13.04.
"Thereafter the client, who had moved his family to Louisiana, made repeated requests and demands of respondent for performance of his duty. The client retained counsel in Louisiana who also made numerous demands for performance. On April 16, 1975 the respondent paid the obligation for his client and recorded the deed in question without further difficulty to the client or to Louisiana counsel. This happened several weeks after a complaint was made to the Florida Bar by Louisiana Counsel.
"II. THE EVIDENCE:
"Respondent has candidly admitted the foregoing facts. At final hearing he admitted the essential allegations of the complaint and the truth of the complainant's requests for admissions, which were received in evidence. He offered in evidence his statement in mitigation, based upon the following personal circumstances of respondent. His law office was disorganized and his secretary was incapable of keeping his financial records. At the time respondent was suffering from the emotional disquiet occasioned by marital problems which subsequently led to *971 divorce. He further represented that he has since re-married [sic] and his family situation is now stable; his law office and financial records are now in order. He has throughout, continued to enjoy a favorable reputation in the community. The foregoing facts and recitals were presented at final hearing without dispute or objection by counsel, and I find them to be reasonable and believable. They are accepted as the basic facts of this case.
"III. PERSONAL HISTORY:
"I find that respondent is 49 years old; he was admitted to the Pennsylvania Bar in 1951. After practicing law in Pennsylvania for some ten years he was admitted to the Florida Bar in 1961. He has been employed by Municipal Code Corporation since 1962. He has practiced law in Tallahassee since 1972. There is no evidence of prior professional misconduct in Florida or Pennsylvania."
The Florida Bar recommends that the punishment here should be disbarment instead of suspension.
We cannot say that the record here establishes that this respondent is one that has been demonstrated to fall within that class of lawyers "unworthy to practice law in this State" as provided in Integration Rule 11.02. Disbarment is the extreme and ultimate penalty in disciplinary proceedings. It occupies the same rung of the ladder in these proceedings as the death penalty in criminal proceedings. It is reserved, as the rule provides, for those who should not be permitted to associate with the honorable members of a great profession. But, in disciplinary proceedings, as in criminal proceedings, the purpose of the law is not only to punish but to reclaim those who violate the rules of the profession or the laws of the Society of which they are a part.
Mr. Henry S. Drinker of the Philadelphia Bar served as Chairman of the Ethics Committee of the American Bar Association under 9 presidents of that organization. His book, Legal Ethics, first published in 1953, has long been considered the best work yet prepared on the subject. Until this publication appeared in 1953 "almost the only work obtainable" on the subject was Judge Sharswood's lectures on legal ethics at the University of Pennsylvania Law School.[1]
Mr. Drinker, in his discussion of the type of punishment that should be imposed says:
"Ordinarily the occasion for disbarment should be the demonstration, by a continued course of conduct, of an attitude wholly inconsistent with the recognition of proper professional standards. Unless it is clear that the lawyer will never be one who should be at the bar, suspension is preferable. For isolated acts, censure, private or public, is more appropriate. Only where a single offense is of so grave a nature as to be impossible to a respectable lawyer, such as deliberate embezzlement, bribery of a juror or court official, or the like, should suspension or disbarment be imposed. Even here the lawyer should be given the benefit of every doubt, particularly where he has a professional record and reputation free from offenses like that charged. Similarly, such extreme measures should be invoked only in case of fairly recent offenses, proof in refutation of which would be reasonably available to respondent, except, of course, in cases where he was shown to have actively concealed them. Just as a lawyer who has been habitually dishonest will almost certainly revert to his low professional standards when necessity, temptation, and occasion recur, so one who has been consistently straight and upright can properly be trusted not to repeat an isolated offense unless of such a nature as of itself to demonstrate a basically depraved character."[2]
We have found no better guideline in this troublesome area than those set forth with *972 such clarity by Mr. Drinker. They are just as pertinent in times where the bar sails on placid seas as when it is caught up in the storms of criticism of public servants and all those in positions of trust, such as we are now experiencing in the aftermath of Watergate. We are cognizant of the difficulty of the bar, or this Court, being completely objective in disciplinary cases where the whole profession, including those charged with enforcing its moral codes and concepts, are affected by whatever judgment is rendered. For this reason great care should be exercised to the end that the ultimate judgment does not become an expression of frustration.
In our view the conclusion of the Referee that the judgment be one of suspension from the practice of law for three months, is correct and is hereby adopted as the judgment of this Court.
It is ordered that the period of suspension commence with the filing of this decision and shall continue thereafter for a period of three months and until the costs in the amount of $301.50 are paid.
It is so ordered.
OVERTON, C.J., and BOYD, SUNDBERG and HATCHETT, JJ., concur.
NOTES
[1] See Foreword Legal Ethics by Henry S. Drinker.
[2] Id. at 46, 47.