359 So.2d 856 (1978)
THE FLORIDA BAR, Complainant,
v.
David N. HIRSCH, Respondent.
Nos. 51577, 50149.
Supreme Court of Florida.
March 30, 1978.
Rehearing Denied June 20, 1978.
Stanley B. Powell, Bar Counsel, and David G. McGunegle, Asst. Staff Counsel, Tallahassee, for complainant.
David N. Hirsch, in pro per.
PER CURIAM.
Referees of The Florida Bar, in each of these consolidated cases, have found that David N. Hirsch, a member of The Florida Bar, has engaged in professional misconduct. The Bar's Complaints charged (1) that Hirsch failed to diligently prosecute a client's lawsuit although repeatedly requested by the client to do so, and that he made misrepresentations assuring the client that suit had been filed and service of process placed in the hands of the sheriff when no action had in fact been taken (Case No. 51,577); and (2) that he violated this court's order of suspension from the practice of law (dated February 17, 1977  Florida Bar v. David N. Hirsch, 342 So.2d 970 (1977)) by engaging in the practice of law during the period of suspension (Case No. 50,149).
At final hearing Hirsch admitted the allegations of the complaint, but defended Case No. 51,577 by stating that he failed to file the client's suit because he thought the cause of action was legally insufficient, and because this episode occurred during a time when he was under severe emotional stress.
The referee found Hirsch had violated D.R. 1-102(A)(4)(5), and D.R. 6-101(A)(3), of the Code of Professional Responsibility, as charged. The Florida Bar, by its Petition for Review under Florida Bar Integration Rule 11.09(3) of Article XI of the Integration Rules, recommended that Hirsch be *857 suspended from the practice of law in the State of Florida for six months with proof of rehabilitation submitted in a regular reinstatement proceeding required prior to reinstatement and payment of all costs of these proceedings.
In Case No. 50,149 (practicing law while suspended) Hirsch denied that he failed to advise the client of his suspension; denied that he promised to represent the client, and denied that his conduct constituted contempt of this court. He admitted contact with the client and the actual receipt of funds from the client, but stated that at the time he was working under the supervision of another member of The Florida Bar.
After full hearing the referee made the following pertinent findings:
1. The Respondent DAVID N. HIRSCH is a member of The Florida Bar and was subject to the jurisdiction and rules of this court at all times pertinent herein. He was suspended from the practice of law on February 17, 1977 for a period of three months, Case No. 50,149, [Fla.] 342 So.2d 970.
2. On or before April 1, 1977, during the period of said suspension, the Respondent DAVID N. HIRSCH undertook to represent the client, Elizabeth G. Howard. Pursuant to said representation, the Respondent received fees from said client; he drafted pleadings on behalf of said client; and he conducted two or more client interviews. Said interviews took place at the Respondent's office.
3. The client was not informed by the Respondent of his suspension from the practice of law.
4. The Respondent's conduct aforesaid violates this court's order of suspension and the Integration Rule of this court, Rule 11.10(3). Although it was argued that such conduct might be authorized by Rule 11.10(7), the evidence presented did not show compliance with the requirements of that rule.
5. I find that the Respondent's conduct aforesaid was without legal justification or excuse.

CONCLUSION: Therefore, I find that the allegations of The Florida Bar's Petition have been established by the evidence and that the Respondent's conduct is in violation of this court's order of February 17, 1977.
It is our responsibility to review the determination of guilt made by the Referees upon the facts of record, and if the charges be true, to impose an appropriate penalty for violation of the Code of Professional Responsibility. Fact finding responsibility in disciplinary proceedings is imposed on the Referee. His findings should be upheld unless clearly erroneous or without support in the evidence. The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968). We have carefully reviewed the evidence and find that the reports of both Referees are supported by competent and substantial evidence which clearly and convincingly show that Hirsch has violated the Code of Professional Conduct in the respects charged. We approve the Findings of Fact and Conclusions filed by the Referees.
We are convinced that no lesser penalty than disbarment will impress upon Hirsch his professional responsibility as a lawyer.
Accordingly, David N. Hirsch is disbarred from the practice of law in the State of Florida, effective immediately, and shall pay the costs of these proceedings in the sum of $397.10.
It is so ordered.
OVERTON, C.J., and SUNDBERG, HATCHETT and KARL, JJ., concur.
BOYD, J., concurs in part and dissents in part with an opinion, with which ADKINS, J., concurs.
BOYD, Justice, concurring in part and dissenting in part.
*858 I concur in the finding of misconduct cited in the majority opinion. In view of respondent's long and honorable record in the practice of law prior to the activities mentioned in proceedings before this Court, I would limit the discipline to an extension of his present suspension.
ADKINS, J., concurs.