PER CURIAM.
Bradley F. Steinbach, a suspended member of The Florida Bar, petitions this Court for a writ of mandamus directing the Board of Governors of The Florida Bar to reinstate him to membership in The Florida Bar. This Court has original jurisdiction over this cause pursuant to article V, section 3(b)(8), Florida Constitution to issue a writ of mandamus. Adhering to Thomson v. The Florida Bar, 260 So.2d 495 (Fla.1972), we order the bar to reinstate Steinbach upon full payment of all fees and charges.
Shortly after being admitted to The Florida Bar in December 1949, Steinbach relocated to New York. Steinbach never paid his annual membership dues and was declared a delinquent member. He continued to reside outside Florida for thirty-two years and in 1981 petitioned for reinstatement. He has never been suspended for any misconduct, but his right to practice law in Florida has been stayed because of article VIII, paragraph 2, Florida Bar Integration Rule, which provides:
When any member is in arrears in the payment of annual dues for 45 days, the executive director shall send written notice by registered or certified mail to such member at his last business address. Within 30 days after the posting of the notice, such member may pay his dues in full, together with a delinquency charge of $25.00. Upon failure to make these payments within the 30 day period, he shall become a delinquent member, entitled to none of the privileges of membership in The Florida Bar, and shall not practice law in this state. He may thereafter reinstate this membership upon petition to and approval by the Board of Governors and the payment of all fees and charges owing by him, including a reinstatement fee of $50.00.
In Thomson we distinguished an article VIII suspension from an article XI suspension by noting that “an Article VIII suspension for failure to pay dues is automatic unlike an Article XI disciplinary proceeding, which deals with violations of the disciplinary code.” 260 So.2d at 496. We held that “[o]nce petitioner’s petition for reinstatement following his suspension for failure to pay dues was complete, the Board of Governors should have automatically reinstated him. This is a ministerial action and should be done promptly.” Id. at 497.
The facts in Thomson are clearly distinguishable from the facts in the case at hand. Thomson practiced law in Florida at the time of his suspension for failure to pay dues and filed for reinstatement less than one year after his suspension. As a consequence the Court had little or no reason to doubt Thomson’s knowledge of Florida law. Steinbach, on the other hand, has never practiced law in Florida, and his suspension has been for approximately thirty-two years. There is no indication in the record that Steinbach has attempted to keep up with the changes in Florida law.
This Court agrees that The Florida Bar has legitimate concern over Steinbach’s competency in Florida law. In addition we *735 agree that requiring Steinbaeh to pass at least the Florida portion of the examination would be reasonable in light of his long absence from this state. We must, however, apply the rule in effect at the time of Steinbach’s petition, including how we have construed that rule. Our decision in Thomson interpreted the power of the Board of Governors under the rule. Unless and until the rule is amended * to give the Board discretion to require delinquent members to demonstrate that they have remained competent, we will follow Thomson.
We therefore conclude that the writ of mandamus should be granted and order The Florida Bar to reinstate Steinbaeh immediately upon full payment of all fees and charges.
It is so ordered.
ADKINS, BOYD, OVERTON, MCDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents with an opinion.

 The Florida Bar has filed proposed amendments to this provision, The Florida Bar in re Amendment to Florida Bar Integration Rule, article II, subsections 3 and 6, Integration Rule Bylaws, article II, sections 2 and 3, (Reinstatement after resignation), article VIII, subsections 1, 2, and 4, and Integration Rule Bylaws, article VIII, sections 1 and 3 (Reinstatement after dues delinquency), case no. 61,736, filed Feb. 17, 1982, but any amendment would not affect Stein-bach’s petition.