ALDERMAN, Chief Justice,
dissenting.
I would deny Steinbach’s petition for writ of mandamus directed to the Board of Governors of The Florida Bar. He should not be reinstated until he has proven his knowledge of the law and his competence to represent any person on any legal matter in any court in this state by passing all parts of The Florida Bar Examination.
This case is not at all like Thomson v. The Florida Bar, 260 So.2d 495 (Fla.1972), wherein Thomson was automatically “suspended” from the Bar for failure to pay dues and within less than a year sought reinstatement by paying delinquent and current fees and charges owing. The general holding of Thomson that once the reason for automatic suspension is removed the suspension should be automatically lifted should not be applied to the peculiar facts of Steinbach’s case.
In the present case, Steinbaeh has been suspended from membership in The Florida Bar for over thirty years. In seeking reinstatement, he makes no representation that, during this time, he has made any effort to keep abreast of the changes in Florida law, and, unlike Thomson, there is every reason to doubt Steinbach’s knowledge of Florida law.
In its response to Steinbach’s petition for mandamus, The Florida Bar states that although the Board of Governors has no indication that petitioner has any present knowledge of any of Florida’s laws or procedures, the Board is being asked to certify to the public that Steinbaeh is competent to practice law in this state. The Board is unable to make this declaration at the present time. Certainly, the Board’s primary obligation is to protect the public, and it is primarily for this reason that The Florida Bar exists. Were the Board to blindly certify to the public that Steinbaeh is competent to practice law in Florida after suspension from Bar membership for over thirty years, the Board would be derelict in its duty to the public.
In my view, Steinbaeh must be required to show his competence in the law before reinstatement, and I would require him to pass The Florida Bar Examination. If Thomson compels the result reached by the majority, I would recede from it insofar as concerns the facts of the present case. To do otherwise and reach the result that the majority does will be a great disservice to the public whom this Court is charged to protect from incompetent lawyers.