469 So.2d 142 (1985)
Michael Joseph DOLAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-81.
District Court of Appeal of Florida, Third District.
January 29, 1985.
*143 Michael Joseph Dolan, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before BARKDULL, NESBITT and DANIEL S. PEARSON, JJ.
DANIEL S. PEARSON, Judge.
We affirm the trial court's order which denied as facially insufficient the defendant's Rule 3.850 motion to vacate his conviction and sentence.
The defendant's motion alleges that he was denied the effective assistance of counsel in that his court-appointed attorney was, throughout the entirety of the representation of the defendant including the trial, suspended as a member of the Florida Bar because of the attorney's failure to pay required bar dues. Because the defendant claims no other ineffectiveness, he necessarily asks us to adopt a rule that an attorney who acts on behalf of a criminal defendant during critical stages of the proceedings, while suspended from the right to engage in the practice of law because of his failure to pay bar dues, is per se ineffective.
We decline to adopt the rule urged by the defendant. An attorney who is suspended from the Florida Bar for failure to pay the dues required by Article VIII, Florida Bar Integration Rule, is automatically entitled to reinstatement upon the filing of his petition and the payment of the dues. The Florida Bar (In re Steinbach), 427 So.2d 733 (Fla. 1983); Thomson v. The Florida Bar, 260 So.2d 495 (Fla. 1972). Where, as here, the suspension is unrelated to any disciplinary proceeding and the act of reinstatement is purely ministerial, see Thomson v. The Florida Bar, 260 So.2d at 497, the suspended status of the attorney simply has no bearing on his ability to effectively represent a criminal defendant. Beto v. Barfield, 391 F.2d 275 (5th Cir.1968); Johnson v. State, 225 Kan. 458, 590 P.2d 1082 (1979); Hill v. State, 393 S.W.2d 901 (Tex. Crim. App. 1965). See also United States v. Hoffman, 733 F.2d 596 (9th Cir.1984). We emphasize that we are here "dealing with a person who merely failed to comply with some administrative prerequisite to membership in the Florida Bar," the person expressly exempted from the holding in Huckelbury v. State, *144 337 So.2d 400, 403 (Fla. 2d DCA 1976), upon which the defendant relies.
Affirmed.