464 So.2d 185 (1985)
Elwood WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1657.
District Court of Appeal of Florida, Third District.
February 5, 1985.
Rehearing Denied March 5, 1985.
*186 Elwood White, in pro. per.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
FERGUSON, Judge.
Appellant raises a number of issues by this pro se appeal: (1) the identification made at the scene of the crime was impermissibly suggestive, (2) the evidence was insufficient to support the conviction, (3) the admission of certain footwear into evidence was prejudicial, (4) defense counsel was not an active member of the Florida Bar at the time of trial, and (5) the assistant state attorney who signed the charging document was not qualified or authorized to do so by the State Attorney.
Appellant's first three points are totally without merit and deserve no discussion.
As his fourth point, appellant claims that because the attorney appointed by the court to represent him had been suspended from the practice of law for failure to pay bar dues, appellant was denied his sixth amendment right to counsel and the effective assistance of counsel. We treat these contentions separately.
First, we hold that the appellant was not denied his right to counsel merely because his court-appointed attorney was suspended from the practice of law in this state. While this issue is novel in the State of Florida, it has been thoroughly addressed by several courts in other jurisdictions. The decisions we have found uniformly decline to adopt a per se rule that an attorney's suspension from the practice of law gives rise to a constitutional claim of denial of the right to counsel. We align ourselves with those decisions. See, e.g., Johnson v. State, 225 Kan. 458, 590 P.2d 1082 (1979) (no denial of constitutional right to counsel where appointed counsel had been suspended from state bar for nonpayment of registration fees); People v. Brewer, 88 Mich. App. 756, 279 N.W.2d 307 (1979) (declined to adopt per se rule that right to counsel was violated because attorney had been suspended for failure to pay dues; remanded for factual determination of counsel's effectiveness); Hill v. State, 393 S.W.2d 901 (Tex. Crim. App. 1965) (no denial of right to counsel where attorney was suspended for failure to pay bar dues at time of representation, but was later reinstated upon payment of fees). See also People v. Garcia, 147 Cal. App.3d 409, 195 Cal. Rptr. 138 (1983) (court's finding of no denial of constitutional right to assistance of counsel based on lack of nexus between state bar's action in suspending attorney for failure to pay bar dues and quality of trial counsel's representation).[1] *187 We need not, and do not, decide whether an attorney who is disbarred may be "counsel" for sixth amendment purposes.
Second, the appellant's claim of ineffective assistance of counsel on this same ground may be raised for the first time only by a motion for post-conviction relief. See Williams v. State, 438 So.2d 781, 786 (Fla. 1983), cert. denied, ___ U.S. ___, 104 S.Ct. 1617, 80 L.Ed.2d 146 (1984).[2]
Finally, appellant's fifth contention, a first-time challenge to the authority of the assistant state attorney, must be raised by quo warranto, and not by direct appeal. Snead v. State, 415 So.2d 887 (Fla. 5th DCA 1982).
Affirmed.
NOTES
[1] Cf. United States v. Hoffman, 733 F.2d 596 (9th Cir.1984) (defendant's representation in federal court by attorney who was suspended from his home state bar but who was not suspended from practice before the federal district court at time of trial did not amount to per se denial of sixth amendment right to counsel).

The cases cited are clearly distinguishable from those which find a per se denial of the right to counsel where the alleged "counsel" has never been licensed to practice law in the state, e.g., Irvin v. State, 44 Ala.App. 101, 203 So.2d 283 (1967); Huckelbury v. State, 337 So.2d 400 (Fla. 2d DCA 1976); People v. Felder, 47 N.Y.2d 287, 391 N.E.2d 1274, 418 N.Y.S.2d 295 (1979).
[2] We caution, however, that a recent decision of the court makes post-conviction relief in this case unlikely. In Dolan v. State, No. 85-81 (Fla. 3d DCA January 29, 1985), we declined to adopt a per se rule that a defendant is denied the effective assistance of counsel simply because his attorney has been suspended from the practice of law for failure to pay bar dues. Because appellant urges no reasons for his counsel's claimed ineffectiveness other than the suspension, any post-conviction motion on this ground would be facially insufficient.