PER CURIAM.
The State seeks review of an order discharging Pierce from prosecution because of an alleged violation of the speedy trial rule, Fla.R.Crim.P. 3.191. We reverse.
Pierce was taken into custody for unlawful possession of a controlled substance with intent to sell, Section 893.13(l)(a) 1, Florida Statutes (1977), on February 14, 1978. On August 18,1978, Pierce moved for discharge under Rule 3.191(a)(1), Fla.R.Crim.P. alleging that he had been continuously available for trial since his arrest and that more than 180 days had elapsed since he had been taken into custody as a result of the conduct giving rise to the crime charged. After a hearing on the motion wherein it was represented to the Court that there had been no continuances or delays attributable to Pierce, an order was entered granting Pierce’s motion for discharge. The next day, the State moved the Court to set aside the discharge order because at a previous hearing in the cause, Pierce had “waived” the operation of the speedy trial rule. The evidence presented at the hearing on the State’s motion revealed that the trial had originally been scheduled for the week of June 26, 1978. At the pre-trial conference held June 26, 1978, the following transpired:
The Court: Call the next case, Mr. Heeb-ner.
Mr. Heebner [Assistant State Attorney]: Your Honor, the State would call Ronald Eldredge Pierce, case number 289-CC.
Mr. Chester [Defense Counsel]: Your Honor, The Defendant will move for a continuance on that.
The Court: Okay. With a waiver?
Mr. Chester: Yes, sir.
The Court: Okay, get me a written motion on that.
The evidence further revealed that neither a written motion for a continuance nor a *412 written waiver of the speedy trial rule was subsequently filed. The trial court denied the State’s Motion to Set Aside Discharge based on his determination that he was without jurisdiction to entertain such motion.
We find that the trial court had jurisdiction to entertain the State’s Motion to Set Aside Discharge. Although the Florida Rules of Criminal Procedure lack a specific provision authorizing a motion to set aside an order granting a motion for discharge, it is clear that relief from orders which are the product of fraud, collusion, deceit, mistake, inadvertence, etc. is obtainable. Cf. State v. Burton, 314 So.2d 136 (Fla.1975). Here, the trial court’s order was premised upon erroneous and misrepresented facts. The facts as revealed at the hearing on the State’s motion clearly demonstrate that the order granting Pierce’s motion for discharge was erroneous. We find that the transcript of the hearing June 26, 1978 reveals a continuance requested by Pierce and a waiver by him of the speedy trial rule. Brown v. State, 328 So.2d 497 (Fla.3d DCA 1976). Since Pierce had waived the speedy trial provisions, he was not entitled to discharge when he had not been brought to trial within 180 days from the time he had been taken into custody as a result of the conduct giving rise to the crime charged. Accordingly, the order discharging Pierce from prosecution is reversed and the cause is remanded for further proceedings.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.