SCHEB, Acting Chief Judge.
Appellant, David Ross, was tried by jury and convicted of attempted robbery. On appeal Ross argues that the trial court erred in refusing his request to instruct the jury on the offenses of battery and assault which he contends are lesser included offenses of the attempted robbery in this case. We agree and reverse.
The information against Ross charged that he:
[D]id unlawfully and knowingly attempt to commit an offense prohibited by law, to-wit: ROBBERY and in such attempt did an act toward the commission of such offense to-wit: threaten or commit a battery on GLEN PARKER with the intent to unlawfully, by force, violence, assault or putting in fear, take away from the person or custody of GLEN PARKER certain property, to-wit: a wallet, the property of GLEN PARKER .
At Ross’ trial, the state presented testimony that Ross had accosted Deputy Glen Parker, an undercover agent for the Lee County Sheriff’s Office. Ross, while wearing a brown paper bag over his hand and claiming to hold a gun, demanded that Deputy Parker turn over his wallet. A scuffle between Ross and Parker ensued. Two other officers arrived on the scene and assisted Parker in arresting Ross. At the conference on instructions, Ross requested the trial court to instruct the jury on the offenses of battery and assault. The court refused.
Brown v. State, 206 So.2d 377 (Fla.1968), delineates four categories of lesser included offenses on which the trial court must charge the jury. Category three embraces offenses necessarily included in the offense charged while category four embraces offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
As noted, the information alleged the elements of both battery and assault, and the state presented evidence sufficient to support a conviction on each of these crimes. Accordingly, battery and assault were both category four lesser included offenses of the charge of attempted robbery. Since appellant timely requested the court to instruct the jury on both battery and assault, it was reversible error for the trial judge to refuse to give the instruction. Lomax v. State, 345 So.2d 719 (Fla.1977).
We find no merit in appellant’s other points. Thus, we reverse and remand for a new trial.
OTT and DANAHY, JJ., concur.