400 So.2d 819 (1981)
Delano B. HARRIS, Petitioner,
v.
STATE of Florida and Honorable C. Welborn Daniel, Respondents.
No. 81-675.
District Court of Appeal of Florida, Fifth District.
July 1, 1981.
Sanford A. Minkoff of Ford & Minkoff, P.A., Tavares, for petitioner.
No appearance for respondents.
FRANK D. UPCHURCH, Jr., Judge.
Delano Harris petitions for a writ of prohibition on the ground that speedy trial time has elapsed. The relevant dates are as follows:

 October 21, 1980 Harris arrested for burglary and theft.
 Subsequently released on bond.
 December 1, 1980 Information filed in Lake County.
 January 5, 1981 Harris fails to appear at arraignment.
 January 14, 1981 Harris taken into custody in Polk County.
 Later transferred to Lake County.
 April 18, 1981 Speedy trial time normally would have
 elapsed.
 April 30, 1981 Motion to Discharge.
 May 5, 1981 Motion denied on the ground that speedy
 trial time would not be tolled but would
 start anew on January 14, 1981.

The amended rule 3.191(e), effective January 1, 1981, provides in its entirety as follows:
Availability for Trial. A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish availability during the term.
Former rule 3.191(e) read:
Availability for Trial. The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term *820 provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term.
If an accused voluntarily removes himself from the jurisdiction of the court or otherwise acts to make himself unavailable for trial, the right to trial within the time herein provided shall on motion by the State be voidable by the court in the interests of justice. Upon such accused becoming available for trial and upon notice thereof by the accused or his counsel to both the court having jurisdiction over the trial and to the office of the prosecutor, or upon being retaken into custody, the time within which trial is to commence shall be as herein provided and begin anew.
Harris contends that the speedy trial period is tolled during the period of his absence or unavailability for trial. The state contends that a new speedy trial period commenced upon his recapture.
Although Harris was arrested October 21, 1980, the operative event, i.e., the failure to appear at his arraignment, occurred on January 5, 1981, after the effective date of the amended criminal rules. The rules govern all proceedings within their scope and supersede all conflicting rules and statutes. The Florida Bar In re Rules of Crim.P., 389 So.2d 610 (Fla. 1980). While statutory changes in the law are normally presumed to apply prospectively, procedural changes are to be applied to pending cases. Johnson v. State, 371 So.2d 556 (Fla.2d DCA 1979).
Even though amended rule 3.191(e) has completely eliminated the language pertaining to a new speedy trial time after the accused is retaken into custody, Harris argues that the speedy trial time is tolled only for the period of his absence. Even if we accept that contention as correct, Harris is not entitled to discharge. Amended rule 3.191(e) provides that "a person who has not been available for trial during the term provided is not entitled to be discharged." A person is deemed "unavailable for trial" if: 1) the person or his counsel fails to attend a proceeding where their presence is required by the rules, or 2) the person or his counsel is not ready for trial on the date trial is scheduled.
Here Harris admits that he failed to attend his arraignment and has not alleged that his counsel attended the proceeding. Thus, Harris "has not been available for trial during the term provided" and therefore is not entitled to be discharged.
Under the former rule, a second speedy trial term would have begun after Harris was taken into custody. Had the state failed to bring Harris to trial within that time, Harris may have been entitled to be discharged. The amended rule, by completely eliminating this second speedy trial term and by providing that an accused who has not been available is not entitled to discharge, makes unavailability, in effect, a waiver of the procedural speedy trial protection.
The writ of prohibition is DENIED.
DAUKSCH, C.J., and COBB, J., concur.