COWART, Judge.
This is another case involving the speedy trial rule, Florida Rule of Criminal Procedure 3.191.
Arrested on April 3,1980, appellant failed to appear for trial on July 30, 1980. He was rearrested on August 15, 1980, and remained incarcerated continuously until his motion for discharge under the speedy trial rule was filed on March 20,1981. That motion was granted by one judge, but the State filed a motion for rehearing[1] of the order of discharge and another judge[2] heard and granted the State’s motion and vacated the order of discharge. Appellant pled nolo contendere reserving the right to seek this appellate review of the denial of his motion for discharge.
The former [3] rule 3.191(e) is applicable.[4] Under this version of the rule, unavailability only temporarily suspended the time period; a new speedy trial period began to run after the accused again became available for trial. Being in jail the whole time, appellant was obviously available for trial for over 180 days after he was arrested and before his motion for discharge. Accordingly, the order setting aside the order of discharge is hereby quashed and this cause is remanded for entry of an order of discharge.
ORDER QUASHED.
DAUKSCH, C. J., and SHARP, J„ concur.

. A motion for rehearing after an order for discharge is not authorized by rule; nor, in this case, was it based on any mistake of fact or fraud on the court; nor did it involve any matter cognizable at common law as adequate to modify a judgment. See, e.g., State v. Burton, 314 So.2d 136 (Fla.1975); Lovett v. State, 29 Fla. 384, 11 So. 176 (1892); State v. Pierce, 370 So.2d 410 (Fla. 1st DCA 1979). In view of our disposition on the merits, we do not consider the authority of a trial court to rehear the matter of appellant’s speedy trial discharge.

. A successor trial judge cannot review, modify or reverse on the merits and same facts the final orders of a predecessor except in special circumstances of mistake and fraud. See, e.g., Lawyers Coop. Pub. Co. v. Williams, 149 Fla. 390, 5 So.2d 871 (1942); City of Miami Beach v. Chadderton, 306 So.2d 558 (Fla. 3d DCA 1975), cause dismissed, 312 So.2d 757 (Fla.1975). This rule especially applies to a motion for rehearing not based on any change or misrepresentation of law or fact. See, e.g., Epperson v. Epperson, 101 So.2d 367 (Fla.1958); Groover v. Walker, 88 So.2d 312 (Fla.1956).

. Florida Rule of Criminal Procedure 3.191(e) was amended effective January 1, 1981. In re Rules of Criminal Procedure, 389 So.2d 610 (Fla.1980). Under the new rule, unavailability waives speedy trial rule rights until they are reinvoked by the filing of a demand for speedy trial.

. This court held in Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981), that the operative event that determined whether the former rule 3.191(e) or the amended rule 3.191(e) applied was the defendant’s failure to appear at arraignment. However, in Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982), this court held that the operative event that determined whether the former rule 3.191 or the amended rule 3.191 applied was the taking of the defendant into custody. Whether these cases are inconsistent or not does not need to be determined in this case, since the operative event under either Harris or Holmes occurred in 1980, prior to the effective date of the amended rule.