415 So.2d 887 (1982)
Bill SNEAD, a/K/a Bill Snead, Appellant,
v.
STATE of Florida, Appellee.
Nos. HH-487, NT 1-3.
District Court of Appeal of Florida, Fifth District.
June 28, 1982.
Rehearing Denied September 7, 1982.
*888 Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, and Stephen Lindsey Gorman, Sp. Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., Carolyn M. Snurkowski, and David P. Gauldin, Asst. Attys. Gen., for appellee.

ON MOTION FOR REHEARING GRANTED
MILLS, Associate Judge.
This case first came here on interlocutory appeal, raising the issue, when did speedy trial time begin to run. We held the time commenced to run on 16 September 1975. Snead v. State, 346 So.2d 546 (Fla. 1st DCA 1976).
Following Snead's conviction for first degree murder and sentence to life imprisonment, the case returned to us on full appeal. We reversed the trial court because the record furnished us at that time showed that Snead should have been discharged because speedy trial time had run before his first trial commenced. Snead v. State, 373 So.2d 41 (Fla. 1st DCA 1979), withdrawn from publication, rehearing pending.
The State filed a motion for rehearing raising issues and presenting evidence which were not supported by the record filed with us. This motion was accompanied by a motion to supplement the record. The issues and evidence were of such a nature that we were compelled to relinquish jurisdiction and remand this case to the trial court with instructions to determine at an evidentiary hearing whether Snead received a timely trial or whether he waived the speedy trial rule.
Following the evidentiary hearing, the trial court correctly concluded that Snead received a timely trial. We have not considered this ruling, however, because the trial court located and had transcribed the pretrial proceedings held before it resulting in its denial of Snead's motion for discharge. These proceedings were not included in the initial record, thus, were not considered by us in arriving at our initial opinion. Having the entire record before us, we vacate our opinion of March 1979 and affirm the trial court's refusal to discharge Snead.
The complete record now before us clearly shows that Snead agreed that the speedy trial time be tolled from 6 December 1975 to 19 January 1976. It reflects also that the trial was continued at Snead's request from 19 January 1976 to 14 April 1977, during the pendency of certiorari proceedings instituted by Snead in the Supreme Court, thus, tolling the speedy trial time.
The speedy trial time began to run on 16 September 1975 when Snead was indicted. It was tolled from 6 December 1975 to 14 April 1977 when the Supreme Court issued its mandate in the certiorari proceeding. Speedy trial time began to run again on 14 April 1977 and ran until 11 July 1977 on which date Snead's first trial commenced. The State, therefore, brought Snead to trial within 171 days or within the 180 day speedy trial limitation.
Although the State developed at the evidentiary hearing that Snead was actually imprisoned pursuant to a criminal judgment of guilt on 26 March 1975 and was serving a one-year sentence at the time he was indicted for this crime, we have not considered the State's speedy trial time argument on this point. This issue was not initially presented to the trial court and the date the speedy trial time began was adjudicated by our decision in the first Snead case.
We must point out that the ultimate decision in this case would not have been delayed if Snead's counsel had done their duty of presenting this Court with a record complete enough for it to consider the issues raised by the appeal or if the State's counsel had done their duty by supplying the record which Snead's counsel failed to do. The Appellate Rules require no less. Considerable *889 time, money, and effort could have been saved by all concerned. Such dereliction of duty brings criticism of the Justice System and rightfully so. This can be avoided in many cases if counsel will merely comply with the Appellate Rules and be familiar with the record in their cases.
We have set aside our initial decision in this case because we were led into an erroneous decision by the failure of the parties to present a complete record. It would be unfair to reverse a trial court because the parties failed to bring up a complete record which would have shown that the trial court was correct. Our initial decision was based upon erroneous and misrepresented facts due to lack of a complete record which when received by us clearly shows the trial court properly denied Snead's motion for discharge. See State v. Pierce, 370 So.2d 410 (Fla. 1st DCA 1979).
It was unnecessary that we address in our initial decision the other issues raised by Snead because we held that he should be discharged. Now it is necessary that we determine them. We affirm in each instance.
Snead contends the trial court erred in denying his motions to suppress his identification by witness Louise Hannah Tomlinson (Hannah) because of the influence of hypnotism in her identification.
The first trial of this case ended in a mistrial. Snead filed a motion to suppress prior to the mistrial which the trial court denied. Prior to the retrial of the case, Snead filed a similar motion to suppress. The record filed with us does not disclose that the trial court ruled on this motion.
At the retrial, the witness, Hannah, identified Snead without objection. On cross examination Snead developed that Hannah had undergone hypnosis prior to trial, however, Hannah testified that her identification was based on independent recollection before and after the hypnosis. The credibility of this witness was for the jury and the jury obviously believed her testimony.
Although Snead filed a motion to suppress prior to each trial and although the initial motion was denied, he was required to object to Hannah's testimony when it was offered at trial. The filing of the motions and the denial of the initial motion are not tantamount to a proper and timely objection to the testimony at trial. Notwithstanding that the testimony may have been inadmissible, it is admissible unless timely objected to at trial. The failure of Snead to object to Hannah's testimony identifying him amounts to a waiver of objection. Robertson v. State, 94 Fla. 770, 114 So. 534, 535 (1927).
Snead next contends the evidence was not sufficient to support his conviction, therefore, the trial court erred in denying his motions for judgment of acquittal.
The testimony of Hannah identifying him and the testimony of two fellow inmates that they heard his confession were not only sufficient but substantial evidence in support of the jury's verdict of guilty. The trial court correctly denied the motions for judgment of acquittal.
Snead argues that the trial court erred in denying his motion to present evidence of the results of a psychological stress evaluation taken of him at the request of the Sheriff of St. Johns County.
Snead states that the sheriff agreed to drop the charges against him if he took the test and beat it. He advises that he beat the test. Snead admits the test results would be inadmissible absent a stipulation, however, he concludes there was an oral stipulation. This argument has no merit because the sheriff had no authority to stipulate and even if he had authority, it was not binding because it was not in writing. Rule 2.060(g), Florida Rules of Judicial Administration.
Snead makes an argument that the trial court erred in denying his motion to suppress two photographs taken of him on 15 March 1975 and a watch taken from him on 16 March 1975.
*890 He has not preserved this issue for appeal. The trial court did not rule on this motion. Snead is required to obtain the trial court's adverse ruling and present this Court with a record necessary to determine the error raised by him. State v. Anderson, 329 So.2d 424 (Fla. 3d DCA 1976). He did not do this. Nevertheless, the two photographs were not used at trial and the objection to the watch was a general objection which is insufficient.
Snead urges that the assistant state attorney who signed the indictment was without authority to sign the indictment because he had become a city commissioner at the same time he was an assistant state attorney. See Section 99.012(2), Florida Statutes (1975).
The authority of an assistant state attorney to sign an indictment may not be tested by an appeal. This must be done by quo warranto. Therefore, Snead has waived his right of review on this issue. Carey v. State, 349 So.2d 820 (Fla. 3d DCA 1977).
We affirm the judgment of the trial court.
McCORD, Associate Judge, and MELVIN, WOODROW M. (Retired), Associate Judge, concur.