417 So.2d 1121 (1982)
Linda Purvis FULK, Appellant,
v.
STATE of Florida, Appellee.
No. 81-981.
District Court of Appeal of Florida, Fifth District.
August 11, 1982.
*1123 James B. Gibson, Public Defender, Michael S. Becker, and Leonard R. Ross, Assistant Public Defenders, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant preserved for appeal the denial of her motion for discharge on speedy trial grounds when she entered a plea of nolo contendere to two felony charges of possession and delivery of a controlled substance.
Appellant was taken into custody on these charges on December 11, 1980. At arraignment, she appeared and entered a plea of not guilty, and her case was set for trial on June 15, 1981, one hundred and eighty six days following her arrest. No request for a continuance by appellant appears in the record, nor is there any order of court extending speedy trial. Neither did appellant demand a speedy trial. Thus, the "speedy trial" period expired on June 9, 1981, unless one of the exceptions of Florida Rule of Criminal Procedure 3.191(d)(3) (1977)[1] makes discharge not appropriate.
On June 5, 1981, appellant's appointed public defender filed a motion to withdraw, citing conflict because of the representation by the public defender's office of a co-defendant. This motion was not heard until June 10, at which time it was granted, and other counsel was appointed. No motion for continuance was made in conjunction with this substitution. The State concedes that there was no waiver of speedy trial by the timing of the motion of the public defender to withdraw. This is correct. There was no showing below that the motion was frivolous, filed for delay or that it was without merit. State v. J.H., 295 So.2d 698 (Fla. 1st DCA 1974). Thus, there is no showing that the failure to bring appellant to trial within the speedy trial time was attributable to the accused or her counsel, or to a co-defendant. Fla.R. Crim.P. 3.191(d)(3) (1977).
The State says that defendant was unavailable for trial, thus not entitled to be discharged. But, the State is not arguing that appellant was not prepared on June 15, 1981, the date the trial was scheduled, but on June 9, 1981, the date speedy trial time ran. The record reflects that new counsel was appointed on June 10, 1981. Under the cited rule no presumption of non-availability attaches, and the State offered nothing to show that appellant was not ready for trial on the date the case was set for trial. Therefore, any inquiry into appellant's availability for trial on June 9, 1981, the day speedy trial ran, is not pertinent.
Appellee's second argument is that the defendant was noticed to attend a "change of plea" hearing and failed to appear, thus making appellant unavailable for trial because neither she nor her counsel attended a proceeding where there presence was required by the rules.[2]
At arraignment, the trial court had entered a form order entitled: "Notice of Pre-Trial Conference, Motion/Docket Day, and Order Setting Case for Trial."[3] Nothing *1124 in this order requires the presence of either the defendant or her counsel at any proceeding other than the trial. The reference to a pre-trial conference does not require the presence of counsel before the court, and there were no motions or other issues pending which would have required appellant's presence on motion/docket day on June 1st.
The State argues that a notice sent by the prosecutor to the defendant requiring her to appear in court on June 1st for a "change of plea" hearing was a required proceeding, so she was thus unavailable for trial because neither she nor her attorney appeared that day. This argument sets up a straw man and then knocks it down. Nothing in the record indicates that appellant intended to change her plea. She had pleaded not guilty at arraignment, and even though there may have been plea negotiations (a point not made clear in the record before us), the State could not compel her to change her plea, or to accept a plea offer. Plea negotiations in and of themselves do not render a defendant unavailable for trial in the absence of a showing that the negotiations were entered into in bad faith for purposes of delay. Thus the fact that a defendant is engaged in plea negotiations through the time the motion for discharge is made does not alone indicate waiver, nonavailability or bad faith delay. Stuart v. State, 360 So.2d 406 (Fla. 1978).
The State relies on Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981) as standing for the proposition that a defendant's failure to appear at a court proceeding during the running of speedy trial waived the speedy trial requirements. In Harris, the defendant failed to appear for arraignment, and was therefore deemed to be unavailable for trial. That case is inapposite because there, defendant failed to appear at a required time. Here we have only a unilateral action by the State calculated to compel appellant to accept or reject a plea offer. While the purpose is worthy, a defendant is not required to appear for that purpose unless ordered by the court, and no such order was entered here. There is no presumption that a defendant is unavailable for trial, Rule 3.191(e), and the State must make a preliminary showing of non-availability if it objects to discharge on that ground. No showing is made here.
The defendant was entitled to be discharged because she was not brought to trial within the period of time prescribed by Rule 3.191(a)(1). The final order accepting appellant's plea, withholding adjudication and placing her on probation is set aside, and the case is remanded to the trial court with directions to discharge appellant.
REVERSED and REMANDED.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.
*1125 COWART, Judge, concurring specially:
I agree that appellant must be discharged.
Florida Rule of Criminal Procedure 3.191 gives but 180 days after arrest for trial. Here, appellant was arrested on December 11, 1980. Seventy-eight days later, on February 27, 1981, the State filed an information. Twenty-seven days later (105 days after arrest) the state attorney notified appellant to appear in court for arraignment on April 6, 1981. On April 6, 1981 (116 days after arrest) appellant was arraigned, defense counsel was appointed and the case was "set for trial during the monthly trial term commencing the week of June 15, 1981." June 15, 1981, was 186 days after arrest. Therefore, the first trial date set was already beyond the rule time period. The speedy trial rule just does not contemplate this leisurely pace of prosecution. This case illustrates that the rule is not accomplishing the purpose of securing speedy trials, but has become an instrument of injustice. The public is justifiably becoming increasingly dissatisfied with the administration of a criminal justice system that is currently discharging numbers of accused, not because of any lack of merit in the criminal charge, but because of non-compliance with a procedural rule.
Results under our present speedy trial rule can be traced to a serious breach of the constitutional separation of powers doctrine. Both in the rule's inception and in its application, each branch of our government, the legislature, executive, and judiciary, has crossed the conceptual boundaries that separate them.
In its inception, the legislature passed section 918.015(1), Florida Statutes (1982), which purported to give the accused in a criminal case a statutory right to a speedy trial, separate and apart from the constitutional speedy trial guaranteed by article I, section 16 of the Florida Constitution and amendment VI of the United States Constitution. Whatever the basis for that legislative idea, what was needed was a recognition of the fact that the necessary correlative of a defendant's statutory right to a speedy trial is the State's statutory duty to provide a speedy prosecution, so as to effectuate the accused's right to a speedy trial and the public's right to have violations of the criminal laws effectively prosecuted. The legislature should have statutorily defined this duty. Instead, by section 918.015(2), Florida Statutes, the legislature mandated that the supreme court of Florida effectuate, by court rule, the speedy trial rights enacted in section 918.015(1), as well as the speedy trial rights of the accused guaranteed in section 16 of article I of the Florida Constitution. This was a grave violation of the doctrine of separation of powers and of section 3, article II of the Florida Constitution. The proper role of the judiciary in implementing citizens' rights to a speedy trial is by adjudicating those rights and the effect of the government's violation thereof, as those rights are asserted by the defense case by case before the court, and not by any system of court procedural rules promulgating, defining or implementing those rights. Courts do not give people rights or affirmatively attempt to enforce their rights for them; courts fully perform their function when they regulate themselves so that they violate no litigant's rights and when they provide a forum which recognizes all legal rights given litigants by organic law and prevents the denial of such rights by others. Notwithstanding these principles, the state judiciary, in emergency session, undertook this legislative direction to take legislative and executive action, see In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla. 1971), and defended the resulting rule as merely providing procedures to enforce the constitutional right to a speedy trial. State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971).
Just as the legislature/judiciary boundaries were breached in the creation of the rule, the executive/judiciary boundaries are breached in the scope of the rule. Normally, there are four separate and progressive events that occur in bringing an accused to trial: the arrest, the filing of criminal charges, the arraignment and ultimately the trial. Properly, trial courts should exercise *1126 authority over their dockets and the progress of criminal cases by controlling, and being responsible for, time delays between the filing of criminal charges and trial; control during this time period is a judicial function. But the judiciary cannot, without itself violating the doctrine of separation of powers, control and regulate the time of arrest or the time of the filing of criminal charges; these are properly executive functions subject to legislative control. By lumping together under one time period matters that are under the control of the executive branch and matters that are under the control of the judicial branch, the rule places the responsibility for effective prosecution on everyone and no one.
Finally, by failing to place responsibility (with the concomitant ability to meet that responsibility) with any one branch, the proper application of the principles of the rule are frustrated and the end result reflects poorly on all concerned. The present rule commits the courts to act as a participant in a no-win war wherein each battle with the 180 day rule that is lost results in a serious loss of public confidence in the courts. The judiciary should return to the position of a detached neutral magistrate standing and deciding between two contending participants, applying law made by others rather than defending its own rule.
Effective prosecution of violations of the state's criminal laws before the trial and appellate courts is the responsibility of state attorneys and of the attorney general.[1] Prosecution delayed until the defendant is entitled to a discharge for violation of his speedy trial rights is not effective prosecution. Although state attorneys, like all attorneys, are officers of the court, the execution of criminal statutes by enforcement, including prosecution, is an executive function of government.[2] The state attorney, when acting as prosecuting officer under article V, section 17, of the Florida Constitution and under chapter 27 of the Florida Statutes, is performing an executive function and not a judicial function. Thus, it is properly the executive's duty to see that a defendant is accorded his statutory speedy trial rights, and the exact nature of this duty should be statutorily defined by the legislature and the consequence of non-compliance specified. If this is done the judiciary can then properly determine questions of compliance and consequences of non-compliance.
In summary, the judiciary should recognize that the accused's right to a speedy trial is a substantive, constitutional right; that direct, administrative, implementation of such rights is not a proper purpose of procedural court rules or of judicial action; and that effectuation of constitutional and statutory speedy trial rights in criminal cases is a necessary corollary of effective criminal prosecution, which is solely an executive function. Accordingly, the courts should get out of the business of effectuating speedy trial rights in criminal cases, other than adjudicating them and the effect of their violation as it does any other constitutional right. On the other hand, if the judiciary is committed to affirmative administrative-executive action, then the trial courts should be required to do a better job by exercising strict rule control over all time delays between (1) arrest, (2) the filing of criminal charges, (3) arraignment[3] and (4) the date of trial. If the judiciary is to be required to do this, then rules should be adopted regulating each potential point of delay to allow for the inevitable trial delays and yet safely work within the allotted 180 *1127 days, requiring, perhaps, that charges (or a "no-information") be filed within 20 days of arrest, arraignment occur within 10 or 20 days thereafter and the first trial date be set within 30 to 60 days of arraignment and accounting be carefully made as to responsibility for all continuances and delays.
NOTES
[1] The 1977 rule controls this case because appellant was taken into custody prior to January 1, 1981, the date on which the current rule became effective. See Holmes v. Leffler, 411 So.2d 889 (Fla. 5th DCA 1982).
[2] The current rule (3.191[e]) provides that a person is unavailable for trial if he or his counsel fails to attend a proceeding at which his presence is required. Although this precise language was not found in the prior rule, we will discuss it as descriptive of a circumstance which could have been used as a basis for a determination of unavailability under the old rule.
[3] Pertinent parts of this order read:

1. TRIAL  This case is set for trial during the monthly trial term commencing the week of June 15, 1981, at 9:00 A.M., at the Marion County Courthouse, Ocala, Florida. In the event the case does not come to trial during the above mentioned trial term, it shall automatically be set over to the next succeeding trial term.
2. MOTION/DOCKET DAY for the above mentioned trial term shall be held on Monday two (2) weeks prior to said trial term at 10:30 A.M., or as soon thereafter as counsel may be heard following weekly arraignments. All pending motions or other issues shall be heard on Motion/Docket Day. No motion filed on or subsequent to Motion Day, the granting of which will result in a postponement, continuance or delay in the trial will be entertained or considered if such motion is predicated on any fact, circumstance, or matter of law known to Movant prior to Motion Day or of which he may have known through the exercise of reasonable diligence, including, but not limited to non-compliance with any demand for discovery unless a timely motion to compel discovery has been filed. Except for good cause, evidentiary motions MUST be heard prior to Motion Day.
* * * * * *
5. PRE-TRIAL CONFERENCE  Counsel for the respective parties SHALL confer in person or by telephone at least three (3) working days prior to Motion/Docket Day for the purpose of settling issues, completing discovery, discussing plea offers, etc. It shall be the duty of the Defendant or defense counsel to contact the State's attorney handling the case for said conference.
6. PLEA OFFERS  All negotiations concerning plea offers (plea bargaining) shall be concluded, REDUCED TO WRITING, and presented to the Court on or before Motion/Docket Day. THE COURT WILL NOT ENTERTAIN OR CONSIDER ANY PLEA OFFER MADE SUBSEQUENT TO THE ANNOUNCEMENT OF THE DOCKET ON MOTION/DOCKET DAY. By presenting to the Court a negotiated plea the Defendant stipulates that the running of Fla.R.C.P. 3.191 (Speedy Trial) is tolled until such time as the plea is accepted or rejected by the Court, including any time necessary for a pre-sentence investigation.
[1] See, e.g., article IV, section 4(c) and article V, section 17, Florida Constitution, and section 16.01(4)(5) and (6), 16.08 and chapter 27, Part 1, Florida Statutes (1981).
[2] For some strange reason, the constitutional provision for state attorneys and public defenders is provided by sections 17 and 18 of article V of the Constitution of the State of Florida. Article V is denoted the judiciary article. For fiscal and other purposes both the legislative and executive departments of state government often see state attorneys and public defenders as being part of the judicial branch.
[3] At present, the practice in the judicial circuit where this case arose appears to be for the state attorney to notify the accused of an arraignment date rather than the trial court controlling the time of this procedural event.