PER CURIAM.
The state appeals an order discharging Widmer under the speedy trial rule, arguing that she waived her speedy trial rights by failing to appear at a scheduled arraignment that the state claims was continued one week at her request. Fla.R. Crim.P. 3.191(d)(3), (e). We affirm because there is evidence from which the trial court could find, as it did, that Widmer never requested delay and that the arraigning judge in effect rescheduled that proceeding on his own initiative. Since Widmer was not required to attend the originally scheduled arraignment and appeared at the rescheduled proceeding, she was continuously available for trial under the provisions of the speedy trial rule and entitled to discharge when not tried within 180 days of her arrest. Fla.R.Crim.P. 3.191(a)(1).
We also reject the state’s argument, belatedly raised on appeal, that continuances granted within 180 days of arrest, at the request of the-state, extended the speedy trial period. A continuance alone does not toll the period. The trial court must enter an order specifically extending the speedy trial period before it expires. State v. Burris, 424 So.2d 128 (Fla. 1st DCA 1982); Brunson v. State, 422 So.2d 956 (Fla. 1st DCA 1982); Durrance v. Rudd, 398 So.2d 1012 (Fla. 1st DCA 1981). No such order was entered in this case.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH and THOMPSON, JJ., concur.