433 So.2d 1384 (1983)
Preston CRUM, Jr., a/K/a Preston Junior Crum, Appellant,
v.
STATE of Florida, Appellee.
No. 82-775.
District Court of Appeal of Florida, Fifth District.
July 14, 1983.
Robert Q. Williams of Williams & Smith, Tavares; and William H. Stone, Clermont, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
*1385 COWART, Judge.
This case involves the admissibility of the testimony of a witness whose recollection had been refreshed by hypnosis.
Prior to trial a State's witness was placed under hypnosis in order to refresh her memory. Under hypnosis and afterwards at trial she was able to recall specific details of the factual events involved in appellant's trial that had previously escaped her recollection. Appellant's motion to suppress the witness' testimony and statements made subsequent to the hypnotic session dealing with all matters discussed during the hypnotic session was denied and the witness was permitted to testify from her present memory as refreshed by the hypnosis. On appeal it is argued that the trial court erred in denying the motion to suppress. We affirm.
In Frye v. United States, 293 F. 1013 (D.C. Cir.1923), the results of a "lie detector" examination offered by a defendant in a criminal case were ruled inadmissible. Frye articulated the standard for the admissibility of scientific evidence to be that expert testimony is admissible when the scientific technique or discovery on which the testimony is based has been "sufficiently established to have gained general acceptance in the particular field to which it belongs." 293 F. at 1014. See generally McCormick on Evidence § 202, at 489 (rev. ed. 1972).
Some courts have applied the Frye test to the admissibility of the testimony of one whose memory has been refreshed or retrieved by hypnosis and denied its admissibility.[1] Other courts have declined to apply the Frye test in this situation and have held that the fact that a witness has been hypnotized prior to trial goes to the credibility of the witness' testimony and not to the competency of the witness.[2] The judges on the First District Court of Appeal have addressed this issue at least three times. In Clark v. State, 379 So.2d 372 (Fla. 1st DCA 1979), only after hypnosis was a crime victim able to select the photographs of the perpetrator from a group of photographs and the victim's identification was admitted and his credibility left to the jury. In Snead v. State, 415 So.2d 887 (Fla. 5th DCA 1982),[3] the court again held that the credibility of a witness who had undergone hypnosis prior to trial, was for the jury. In Brown v. State, 426 So.2d 76 (Fla. 1st DCA 1983), the same court reconsidered the question in greater depth than in Clark and Snead and held that the admissibility of such testimony would depend on the court's case by case examination of particular hypnotic technique or procedure used in a given case. The Brown opinion then listed nine suggestions to reduce the potential of prejudice in using hypnotically induced and recalled testimony. The opinion strongly implies that a trial court should find that the dangers of unfair prejudice, confusion of issues, misleading of the jury and of needless presentation, substantially outweigh the probative value of the hypnotically aided testimony resulting in its exclusion from evidence under section 90.403, Florida Statutes (1981), unless the court's suggestions are followed.
We agree with the cases that hold that the dangers attendant to the pre-trial examination of witness under hypnosis go to the weight to be accorded the testimony of the witness by the jury at trial and not to the competency of the witness. We hold that the testimony of a witness is not rendered inadmissible by reason of the fact that the witness has been examined under hypnosis before trial. While we think that the court's suggestions in Brown are well made, we think the effect of those suggestions being, or not being, followed are only matters to be presented and argued by *1386 counsel for the benefit of the jury in weighing the testimony of the witness in a particular case. We do not require the trial judge in each case to hold a pre-admission hearing to consider the facts presented and to weigh the reliability of the hypnotic technique and procedure in that case and to make a competency and admissibility ruling based on the result of his weighing the reliability of the particular hypnotic session and its results.[4]
We have carefully considered the other points argued for reversal and find them without merit.
AFFIRMED.
COBB and FRANK D. UPCHURCH, JJ., concur.
NOTES
[1] See, e.g., State v. Mack, 292 N.W.2d 764 (Minn. 1980); State v. Mena, 128 Ariz. 226, 624 P.2d 1274 (Ariz. 1981); People v. Tait, 99 Mich. App. 19, 297 N.W.2d 853 (Mich. App. 1980).
[2] See, e.g., Kline v. Ford Motor Company, Inc., 523 F.2d 1067 (9th Cir.1975); State v. McQueen, 295 N.C. 96, 244 S.E.2d 414 (N.C. 1978); State v. Jorgensen, 8 Or. App. 1, 492 P.2d 312 (Or. App. 1971); Harding v. State, 5 Md. App. 230, 246 A.2d 302 (Md. App. 1968). See also Annot., 92 A.L.R.3d 442, 446 (1979).
[3] In Snead, judges from the First District Court of Appeal sat for the Fifth District Court of Appeal.
[4] This does not mean, of course, that a trial court might not in a given case treat evidence resulting from hypnosis just as any other evidence and find it inadmissible for the reasons given in section 90.403, Florida Statutes (1981).