FERGUSON, Judge.
The issue as phrased by the state is whether appellee was entitled to be discharged pursuant to the speedy trial rule where both he and his counsel failed to attend a proceeding where their presence was required, and instead sent a letter to the trial court which clearly indicated their desire not to go to trial at that time.
Appellee was charged by information, filed on April 7, 1978, with burglary of a conveyance and grand theft. On June 12, 1978, the trial court dismissed the information on double jeopardy grounds and extended the speedy trial period “to and including until 90 days after the final mandate issue [sic], which ends appellate proceedings in this case.” Appellee continued on bond. The state’s appeal from that order was affirmed by this court. State v. Katz, 372 So.2d 201 (Fla. 3d DCA 1979). On certiorari review the Florida Supreme Court quashed the decision of this court and remanded the case with instructions to reinstate the information. State v. Katz, 402 So.2d 1184 (Fla.1981). Appellee moved for a rehearing and for a stay of the mandate so as to permit a petition to the United States Supreme Court for a writ of certio-rari. On September 24, 1981, the Florida Supreme Court denied rehearing but granted a stay of the mandate “to and including October 26, 1981.” Since appellee had neither sought nor obtained further stays from the United States Supreme Court, the Florida Supreme Court issued its mandate to this court on December 2, 1981.[1] On that same date this court notified the parties that its final mandate had issued. 406 So.2d 124.
On December 3, 1981, the Clerk of the Circuit Court sent notice to the trial court, Judge Goldman (as successor to Judge Baker who had originally dismissed the case), defense counsel Gonzalez, and the state attorney, informing the parties to appear in court for the obvious purpose of setting a trial date since the speedy trial period had begun to run. On December 18, 1981, the appellee, at his counsel’s instruction, hand-delivered to the trial court a letter advising it that the case was still pending in the United States Supreme Court and that neither appellee nor his attorney intended to appear on December 21, 1981 in compliance with the notice.
At the “Report” proceeding on December 21, 1981, the assistant state attorney explained the status of the case to the court, including the fact that appellee had not sought a stay of proceedings from the United States Supreme Court and that the 90-day speedy trial period was running. Even though the court agreed with the state’s request that the case be set for trial, the court did not set a trial date. The court interpreted the notice to appear as compulsory under the rules:
THE COURT: Okay. My opinion is the attorney doesn’t have a right, when he’s supposed to be here, just to say he’s not going to be here, and under those circumstances, issue an alias.
Appellee’s surety was not notified of the alias capias, nor did law enforcement officials act upon it during the year.
On December 2,1982, exactly a year after the issuance of this court’s mandate, appel-lee appeared in court on a motion to quash the alias capias; it was granted without objection from the state. On December 23, 1982, appellee was heard before Judge Fed-er (who succeeded Judge Goldman in the case) on a motion for discharge. It was appellee’s unrebutted testimony that he was physically present and available in Dade County throughout 1982 and that his bonds *82 man had not been notified that an alias capias had issued. Judge Feder determined in essence that counsel’s letter of December 18, 1981 was not a waiver of the speedy trial period nor evidence of unavailability and that his predecessor, Judge Goldman, erred in issuing an alias capias on December 21, 1981.[2]
The parties agree that the central issue is the effect to be given counsel’s letter of December 18, 1981. Assuming that letter to be of no import, as appellee suggests and as Judge Feder, in effect, found, we must then consider the significance, if any, of appellee’s nonappearance in court on December 21, 1981.
Florida Rule of Criminal Procedure 3.191(d)(3) provides in part:
If trial of the accused does not commence within the periods of time established by this Rule, a pending motion for discharge shall be granted by the court unless it is shown that ... (iii) the accused was unavailable for trial under section (e) ....
Section (e) of the same rule provides:
A person is unavailable for trial if (1) the person or his counsel fails to attend a proceeding where their presence is required by these Rules, or (2) the person or his counsel is not ready for trial on the date trial is scheduled. A person who has not been available for trial during the term provided for herein is not entitled to be discharged. No presumption of nonavailability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish availability during the term.
Therefore, in order to find appellee “unavailable for trial,” and consequently not entitled to discharge, his appearance, or that of his counsel, in court on December 21, 1981 must have been required by the Florida Rules of Criminal Procedure. Rule 3.180, which lists the proceedings requiring presence of defendant, does not mandate attendance at a hearing scheduled for the purpose of setting a trial date. See Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982) (form order entitled “Notice of Pre-Trial Conference, Motion/Docket Day, and Order Setting Case for Trial” entered by trial court at arraignment did not require presence of either defendant or her counsel at any proceeding other than trial since (1) the reference to a pre-trial conference did not require presence of counsel before the court, and (2) there were no motions or other issues pending which would have required defendant’s presence on motion/docket day); cf. Harris v. State, 400 So.2d 819 (Fla. 5th DCA 1981) (where defendant failed to appear at his arraignment and did not allege that his counsel attended the proceeding, he had been unavailable for trial, as defined in Florida Rule of Criminal Procedure 3.191(e), and therefore was not entitled to be discharged). At the December 23, 1982 hearing on the motion for discharge appellee testified as to his continuous availability for trial since December 3, 1981.[3]
*83 We agree with the trial court that the letter of December 18, 1981 was neither a waiver of the speedy trial period nor evidence of unavailability. Since no actual request or motion for continuance was made and granted, the speedy trial period began to run again after the issuance of the mandate on December 2, 1981, and it became incumbent upon the court to set a trial date within ninety days of receipt of the mandate. Cf. State ex rel. Butler v. Cullen, 253 So.2d 861 (Fla.1971) (if continuance is granted upon motion of defendant, speedy trial time is tolled); State v. Widmer, 427 So.2d 1041 (Fla. 1st DCA 1983) (in order to toll the running of the speedy trial period, the court must grant a continuance and must enter an order specifically extending the period before it expires). The absence of defendant and his counsel from the “Report” proceeding of December 21, 1981 did not constitute nonavailability so as to toll the running of the speedy trial period.
Affirmed.

. Appellee’s petition for a writ of certiorari was denied by the United States Supreme Court on February 22, 1982. Katz v. Florida, 455 U.S. 938, 102 S.Ct. 1429, 71 L.Ed.2d 649 (1982).

. The order granting discharge makes the following findings of fact and conclusions of law:
2. The Defendant has not waived the applicable time period by his attorneys’ letter of December 18, 1981, advising the court of the status of the case. This letter is no different from any of the other reports to the Court occurring over the prior three years when the various appeals were pending. The December 18 letter was neither a request for continuance nor did it constitute a delay or evidence of nonavailability. The letter did not prevent the Court from setting a trial date. Thus, the burden never devolved upon the Defendant to demonstrate his availability - The Court, in fact, finds that the Defendant had been completely available for trial on a weekly basis from 1978 to the present time, living and working in this community and known to police officials.
3. As for the alias issued on December 21, 1981, and subsequently quashed on December 2, 1982, neither the bonding company nor Defendant’s attorney was ever advised of its existence. The Defendant was never on notice, either actual or constructive, of the improvidently issued alias.

. There is no presumption that a defendant is unavailable for trial, and the state must make a preliminary showing of nonavailability if it objects to discharge on that ground. Fla.R. Crim.P. 3.191(e); Fulk v. State, 417 So.2d 1121 (Fla. 5th DCA 1982). No such showing was made in this case and, in fact, the state accepts *83 the court’s factual finding that the defendant was living in Dade County and physically available for trial on a weekly basis from 1978 to the time the order granting discharge was entered.