# DIMILLO v STATE OF FLORIDA

## Case No. 89-0042-AC A02 (County Court Case No. 88-40112-TC A02)

Fifteenth Judicial Circuit, Palm Beach County

October 2, 1989

### APPEARANCES OF COUNSEL

**M. Lee Thompson, Esquire,** for appellant.

**David Bludworth,** State Attorney, for appellee.

Before CARLISLE, COHEN, SHOLTS, JJ.

### OPINION OF THE COURT

CARISLE, J.

This case presents two issues:

1.

Whether Dimillo's absence from a calendar call amounted to unavailability for trial, pursuant to Rule 3.191(e) Rules of Criminal Procedure; and

2.

the effectiveness of a waiver of speedy trial executed to avoid the issuance of a capias for non attendance at a calendar call.

The record before us does not reflect any order of the trial court requiring the presence of defendants at calendar call. Calendar call is generally considered a proceeding before the court, usually on a Friday, wherein the court reviews with counsel their availability and readiness to proceed to trial during the following week. Many case are set for calendar call and the court inquires of counsel whether they are not presently engaged in a trial which would extend into the following week, or otherwise scheduled for trial during the following week before another court. Different judges might pursue additional inquiries or attempt to effect other arrangements. Nevertheless, the basic function of calendar call is to determine which cases will be tried during the following week and their approximate duration and order. Rule 3.180 Rules of Criminal Procedure does not require the presence of a defendant at calendar call.

In *State v Katz,* 438 So.2d 80 (Fla. 3d DCA 1983), Katz had petitioned the United States Supreme Court for a Writ of Certiorari. A stay issued by the Florida Supreme Court had expired and Katz did not obtain further stays. The Florida Supreme Court issued its mandate reinstating the information on December 2, 1981. The speedy trial period had begun to run. The Clerk of the Circuit Court notified the parties to appear for the purpose of setting a trial date. Neither Katz nor his attorney appeared. The Third District Court of Appeal held that since Rule 3.180 Rules of Criminal Procedure does not require attendance at a hearing scheduled for the purpose of setting a trial date Katz was available for trial despite non-attendance at the hearing.

In *Morrow v State,* 458 So.2d 313 (Fla. 5th DCA 1984), it was held that the failure of a defendant and his counsel to attend a trial scheduling conference does not establish that the defendant was unavailable for trial. In *Fulk v State,* 417 So.2d 1121 (Fla. 5th DCA 1982), the defendant and counsel did not appear, despite a form order entitled "Notice of Pretrial Conference, Motion/Docket Day, and Order Setting Case for Trial", which had been issued at arraignment. The pertinent parts of that order are set out in Footnote 3 of that Opinion. The Fifth District Court of Appeal was at pains to note that nothing in the order required the presence of either the defendant or

**47**

her counsel. The court went on to hold that failure to attend did not amount to unavailability for trial.

Therefore, in the absence of an order requiring Dimillo's attendance at the calendar call there was no requirement that he attend. His attorney was present and the State concedes that no mention was made of any fear that Dimillo would not be present at trial. We, therefore, conclude that Dimillo was at all times available for trial.

At the calendar call the State requested a capias and the court indicated that it would issue one. Dimillo's attorney asked whether the court would reset the case if he would waive speedy trial. The court said that it would and defendant executed a waiver of speedy trial form. He noted thereon "To avoid capias by court for defendant's failure to appear."

To review the bidding at that point, the trial court was about to order defendant's arrest for non-attendance at a hearing which he was not required to attend. To avoid that unpleasant prospect defense counsel agreed to withdraw his demand for speedy trial. A waiver under circumstances such as this is a total nullity.

To be sure trial courts have the inherent authority to command defendant's presence at a multiplicity of hearings not mentioned in Rule 3.180. But in the absence of such an order, failure to attend a calendar call does not amount to unavailability for trial. A waiver of speedy trial to avoid arrest for non-attendance at a hearing which does not require the defendant's presence is a nullity.

Speedy trial ran and the defendant thereafter was required to go to trial and was convicted.

The judgment of the trial court is hereby reversed and the defendant is discharged.