364 So.2d 83 (1978)
Arthur F. CHEATHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-730.
District Court of Appeal of Florida, Third District.
November 13, 1978.
Rehearing Denied December 4, 1978.
Martin S. Saxon, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PEARSON, Judge.
The appellant seeks review of the denial of his motion for relief pursuant to Fla.R. Crim.P. 3.850. The motion was denied after an evidentiary hearing. The motion alleged, and neither the record nor the evidence at the hearing refuted, that the appellant was tried and convicted of the crime of aggravated assault on March 31, 1976, while being represented by a legal intern who was assigned without the appellant's knowledge or agreement. There is the additional allegation that the legal intern, who was not a member of The Florida Bar, was not supervised by a member of the bar during the trial. The evidence at the hearing does not adequately refute either the charge that the defendant was, unknown to him, represented by a person who was not *84 an attorney nor, in our view, does it adequately support a finding that the intern was adequately supervised. See Integration Rule of The Florida Bar, Article XVIII, § II(A) and (B)[1].
An indigent defendant charged with a felony is entitled to court-appointed counsel unless he understandingly and intelligently waives that right. We conclude that where the record does not refute, nor the evidentiary hearing disprove, the allegations of the appellant that he was unknowingly represented by a person not a member of The Florida Bar and that such person was not properly supervised, as provided by the rule, the motion must be granted.
The cause is, therefore, returned to the trial court with directions to strike the judgment finding the defendant guilty and to discharge the defendant from this cause.
In view of the fact that the defendant is presently and has been for some time incarcerated, the time for petition for rehearing of this decision is limited to three days from the date of the filing of this opinion.
Reversed.
NOTES
[1] "A. An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf he is appearing has indicated in writing his consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In such cases the supervising attorney shall be personally present when required by the trial judge who shall determine the extent of the eligible law student's participation in the proceeding.

"B. An eligible law student may also appear in any criminal matter on behalf of the state with the written approval of the prosecuting attorney or his authorized representative and of the supervising lawyer. In such cases the supervising attorney shall be personally present when required by the trial judge who shall determine the extent of the law student's participation in the proceeding."