PER CURIAM.
Defendant-appellant, Edmond J. Duhart, was tried by a jury and convicted of robbery, unlawful possession of a weapon while engaged in a criminal offense and possession of a stolen motor vehicle. Duhart appealed his conviction which was affirmed by this court. See Duhart v. State, 348 So.2d 387 (Fla. 3d DCA 1977). Thereafter, pursuant to Fla.R.Crim.P. 3.850, he filed a motion to vacate judgment and sentence and as ground therefor he primarily alleges that he was denied effective assistance of counsel at his preliminary hearing and trial. After a full evidentiary hearing, the trial judge found that Duhart had effective assistance of counsel and denied the motion to vacate. Duhart appeals the denial order.
With respect to Duhart’s contention that he was prejudiced by being denied counsel at his preliminary hearing, the principle of law is well established that the failure to assign counsel at a preliminary hearing must be raised on direct appeal taken by a defendant. See Clements v. State, 320 So.2d 44 (Fla. 3d DCA 1975). Duhart having failed in that appeal to raise the issue of denial of counsel at his preliminary hearing, he is now precluded from raising this same issue as grounds for relief from judgment under Fla.R.Crim.P. 3.850. See Clements v. State, supra.
Turning to Duhart’s argument that he was denied effective assistance of counsel at this trial, we agree with the determination of the trial judge that he was effectively represented by counsel. The record reflects that Duhart knowingly consented in writing prior to the trial to be represented by a certified legal intern under the *640 supervision of an assistant public defender pursuant to Article 18 of the Integration Rule of The Florida Bar.
Thus, we conclude that Duhart’s motion for relief from judgment and sentence was properly denied.
Affirmed.