SHAHOOD, Judge.
Appellant S.B., a child, appeals from an adjudication of delinquency and from a final order committing her to the custody of the Department of Health and Rehabilitative Services. We affirm.
S.B. was charged by petition for delinquency with attempted strong-armed robbery. At the adjudicatory hearing, S.B. was represented by a law student, acting as a certified legal intern, and Jonathan Keller, an assistant public defender. S.B. had signed a written “Consent to Appearance” form in which she consented to the legal intern’s representation. The form provided: *1077 the State of Florida and is supervised in this case by an attorney on the staff of the Public Defender’s Office.
*1076 This is to certify that I hereby consent to having Robert Buschel appointed by the Office of the Public Defender to act in my defense.
I acknowledge that I have been advised and understand that Robert Buschel is a certified law student and has complied with Chapter 11 of the Rules of the Supreme Court Regulating the Florida Bar and is certified by the Supreme Court of
*1077 I understand that I have the right to a supervising attorney personally present when required by the trial judge.

[signed S.B.]

APPROVAL OF APPEARANCE

As Assistant Public Defender and as the Supervising Attorney, I hereby certify my approval of his/her appearance in the above cited matter.
-unsigned-
FRANK de la TORRE # 371394
Chief Assistant Public Defender
This case presents a number of difficulties. First, we note that the form does not comport to the current language of Rule 11-1.2(b) of the Rules Regulating the Florida Bar, which provides:
Appearance in Court or Administrative Proceedings. An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf the student is appearing has indicated in writing consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In those cases in which the indigent person has a right to appointed counsel the supervising attorney shall be personally present at all critical stages of the proceeding. In all cases, the supervising attorney shall be personally present when required by the court or administrative tribunal who shall determine the extent of the eligible law student’s participation in the proceeding.
(Emphasis added.)
In the instant case, the form signed by S.B. indicated that she had a right to have a supervising attorney present when required by the trial judge, but did not inform her of her right as an indigent person to have a supervising attorney present at all critical stages of the proceeding.
Second, we note that the consent form was not signed by Mr. de la Torre, the named supervising attorney, in further derogation of Rule 11 — 1.2(b). Moreover, we note that the actual supervising attorney present was not the one named on the form, as the record indicates that Mr. Keller and not Mr. de la Torre acted as the supervising attorney for the certified legal intern.
S.B. maintains that the combined effect of these errors warrants reversal for a new adjudicatory hearing. As support, she cites In Interest of J.H., 580 So.2d 162 (Fla. 4th DCA 1991), approved, 596 So.2d 453 (Fla.1992). In that case, this court reversed the adjudication of delinquency where the consent form signed by J.H. did not inform her of her right to have a supervising attorney personally present and where the supervising attorney was not, in fact, present at the proceeding. This court concluded that since J.H. was never informed of her right to have the supervising attorney personally present when required by the trial judge, she could not have intelligently waived her right to have him appear at her adjudicatory hearing. Id. at 163. Following J.H., S.B. maintains that her consent was similarly invalid. We disagree.
In the case at bar, although the form did not mirror the language of the rule or comport with all its technical requirements, under the facts of this case we find that S.B. had been afforded her right to have a supervising attorney present at all critical stages of the proceeding. The record clearly demonstrates that Mr. Keller, an assistant public defender, although not named in the consent form, was present to supervise the certified legal intern throughout the adjudicatory hearing. Thus, unlike J.H., we find the failure of the consent form to fully inform S.B. of her right to have counsel present at all critical stages and the failure of the named supervising attorney to be present to be harmless error.
AFFIRMED.
GLICKSTEIN and WARNER, JJ., concur.