PER CURIAM.
William Waller Duval appeals an order denying his motion for postconviction relief. Duval claims that he learned, following his sentencing, that one of the persons representing him at trial was a Certified Legal Intern. Duval claims that he was never made aware that the intern was not an attorney and that he would not, and did not, consent to being represented by a nonattor-ney.
The trial court conducted an evidentiary hearing but did not enter a ruling on the merits of the motion. Instead, the court concluded that this issue could not be raised in a collateral attack on the judgment and that Duval’s only recourse to challenge the status of his representative at trial is on plenary appeal. The trial court is incorrect. This issue may be raised in a motion for postconviction relief. See Cheatham v. State, 364 So.2d 83, 84 (Fla. 3d DCA 1978); see also Wilson v. Wainwright, 474 So.2d 1162 (Fla.1985); Aldridge v. State, 425 So.2d 1132 (Fla.1982).
Accordingly, we reverse. The trial court shall address the merits of Duval’s motion on remand. If necessary, the trial court may conduct a new evidentiary hearing to evaluate Duval’s claim.
Reversed and remanded.
DANAHY, A.C.J., and PATTERSON and NORTHCUTT, JJ., concur.