740 So.2d 565 (1999)
A.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2341.
District Court of Appeal of Florida, Fifth District.
June 25, 1999.
*566 James B. Gibson, Public Defender, and Rosemarie Farrell, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
A.D. appeals from orders of commitment after he pled guilty and nolo contendere in three cases.[1] He was adjudicated delinquent and the court committed him to the custody of the Department of Juvenile Justice, at a restrictiveness level six consistent with the recommendations of the Department. After violating several conditions of community control, A.D. was re-arrested and pled no contest to the violation. At the disposition hearing, the court committed him to restrictiveness level eight, in excess of the Department's recommendations. We reverse and remand for further proceedings because A.D.'s constitutional right to counsel was violated at the disposition hearing.
A juvenile has a constitutional right to assistance of counsel at the critical stages of delinquency proceedings, and the denial of that right is fundamental error. J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998). In this case, A.D. had the assistance of the public defender, Barry Hepner, at the plea hearing and at that hearing A.D. executed a plea agreement. However, at the dispositional hearing on August 3, 1998, he was represented by Mercedes Leon-Durham, a certified legal intern. The record is silent concerning A.D.'s knowing or intelligent waiver of his right to legal representation and there is no showing or assertion that a supervising attorney was present at the disposition *567 hearing. Compare S.B. v. State, 670 So.2d 1076 (Fla. 4th DCA 1996).
Accordingly, we have no alternative but to quash the dispositional order and remand for further proceedings. U.S. Const. Amend. VI and XIV; Art. 1 § 9 and 19(a), Fla. Const.; §§ 985.203(1) and 985.23(1)(a), (b), (c), and (d); Fla. Bar. R. 11-1.2(b)(e). See L.R. v. State, 698 So.2d 915 (Fla. 4th DCA 1997); In the Interest of J.H., 580 So.2d 162 (Fla. 4th DCA 1991), approved, 596 So.2d 453 (Fla.1992). We do not apply Maddox v. State, 708 So.2d 617 (Fla. 5th DCA 1998), rev. granted, 718 So.2d 169 (Fla.1998) to fundamental sentencing errors committed in juvenile proceedings. T.G. v. State, 24 Fla. L. Weekly D216, 741 So.2d 517 (Fla. 5th DCA 1999).
Dispositional Order QUASHED; REVERSED and REMANDED for further proceedings.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] A.D. pled guilty, in case number 96-3755, to culpable negligence with personal injury, a first degree misdemeanor under § 784.05(2), after throwing a full can of soda through an open school bus window which hit another child. The state nolle prossed charges of throwing a deadly missile into an occupied vehicle, and aggravated battery with a deadly weapon.

A.D. pled nolo contendere, in case numbers 96-5459 and 96-6584. In case number 96-5459, the charges were grand theft of a motor vehicle pursuant to § 812.014(2)(c)(6), and fleeing and attempting to elude a law enforcement officer with high speed pursuit pursuant to § 316.1935(2), both of which are third degree felonies; the state nolle prossed charges of burglary of a conveyance and resisting arrest without violence. In case number 96-6584, the charge was possession of cocaine, a third degree felony pursuant to §§ 893.13(6)(a) and 893.03(2)(a)(4).