744 So.2d 523 (1999)
William W. DUVAL, Appellant,
v.
STATE of Florida, Appellee.
No. 98-03447.
District Court of Appeal of Florida, Second District.
October 8, 1999.
Rehearing Denied December 2, 1999.
William W. Duval, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia A. McCarthy, Assistant Attorney General, Tampa, for Appellee.
BLUE, Judge.
William Duval, pro se, appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.[1] In 1995, Duval was convicted of two counts of sexual battery and one count of attempted sexual battery. Duval contends that he was denied his Sixth Amendment right to the assistance of counsel because he was represented in part by a certified legal intern without his *524 knowledge and consent. After an evidentiary hearing on the motion, the trial court found that Duval knowingly consented to the intern's participation. The trial court further found that the intern's performance did not rise to the level of ineffective assistance of counsel. Although we agree and affirm, we certify an issue to the Florida Supreme Court as one of great public importance.
Several facts are undisputed. A certified legal intern, Christine Black, conducted the cross-examination of a law enforcement officer during Duval's trial. Black acted under the direct supervision of the assistant public defender, John Spzakowski, who represented Duval and who was present during all critical stages of the proceedings, including Black's cross-examination of the witness. It is further admitted that Spzakowski and Black did not obtain Duval's written consent for the intern's participation.
There are also serious disputes in the evidence. Duval claims that he was unaware at the time that the intern was not a licensed attorney. Based on the testimony by Black and Spzakowski, the trial court found otherwise. Additionally, Spzakowski thought that he stated on the record and informed the judge, when he announced ready for trial, that a certified legal intern with the public defender's office would be assisting him. Duval claims that the court was not informed of the intern's status. The record contains no transcript to resolve this point.[2] Finally, although Duval criticizes Black's performance, the trial court found that her cross-examination of a relatively insignificant witness was not deficient in any respect.
In the rules regulating the unlicensed practice of law, the Florida Supreme Court has defined nonlawyers as including law students, law graduates and applicants to The Florida Bar. See R. Regulating Fla. Bar 10-2.1(b).[3] The supreme court has authorized law students to appear under certain conditions outlined in the Rules Governing the Law School Practice Program. See generally R. Regulating Fla. Bar ch. 11. Specifically, the rules provide:
(b) Appearance in Court of Administrative Proceedings. An eligible law student may appear in any court or before any administrative tribunal in this state on behalf of any indigent person if the person on whose behalf the student is appearing has indicated in writing consent to that appearance and the supervising lawyer has also indicated in writing approval of that appearance. In those cases in which the indigent person has a right to appointed counsel, the supervising attorney shall be personally present at all critical stages of the proceeding. In all cases, the supervising attorney shall be personally present when required by the court or administrative tribunal who shall determine the extent of the eligible law student's participation in the proceeding.
* * * *
(e) Filing of Consent and Approval. In each case the written consent and approval referred to above shall be filed in the record of the case and shall be brought to the attention of the judge of the court or the presiding officer of the administrative tribunal....
R. Regulating Fla. Bar 11-1.2(b), (e). The rules further require that "[i]n order to make an appearance pursuant to this chapter, the law student must: ... (d) be introduced to the court in which the student is appearing by an attorney admitted *525 to practice in that court[.]" R. Regulating Fla. Bar 11-1.3. Law school graduates may make appearances under the same circumstances and restrictions applicable to law students. See R. Regulating Fla. Bar 11-1.9.
There are a limited number of cases addressing violations of these rules. In these cases, the courts have focused primarily on four issues: (1) whether the defendant knew of the intern's status; (2) whether the defendant understood the right to counsel and knew that he or she could refuse to let the intern participate and insist on representation by a licensed attorney; (3) whether there was an adequate written consent/waiver; and (4) whether the supervising attorney was present.[4] In the cases cited, the issue was raised on direct appeal and, therefore, had to be decided based upon the presence or absence of a waiver in the record. In the present case, the issue has been raised in a collateral attack and the trial court had an opportunity to take evidence on the issue. Based on the trial court's findings, the only factor supporting reversal is the lack of a written consent/waiver. Without hesitation, we conclude that this was error.
In one of the few cases addressing this issue in a postconviction proceeding, the Third District reversed the convictions and ordered the defendant discharged "where the record [did] not refute, nor the evidentiary hearing disprove, the allegations of the appellant that he was unknowingly represented by a person not a member of The Florida Bar and that such person was not properly supervised, as provided by the rule." Cheatham v. State, 364 So.2d 83, 84 (Fla. 3d DCA 1978). Cheatham does not compel a reversal in this case because here the trial court found, based on the evidentiary hearing, that Duval knew he was being represented in part by an intern and the intern was, in fact, properly supervised. See also Duhart v. State, 369 So.2d 639 (Fla. 3d DCA 1979) (rejecting ineffective assistance of counsel claim where defendant knowingly consented in writing to intern's representation).
Despite the admitted violation in this case, the issue is whether Duval has shown reversible error. The U.S. Supreme Court "has uniformly found constitutional error without any showing of prejudice [only] when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." United States v. Cronic, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (citations omitted). Because Duval's assistant public defender *526 was present, neither is the case here. See United States v. Rimell, 21 F.3d 281 (8th Cir.1994) (finding that defendant was represented throughout trial by licensed counsel notwithstanding participation by legal intern on cross-examination). "Apart from circumstances of that magnitude, however, there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt." 466 U.S. at 659 n. 26, 104 S.Ct. 2039 (citing Strickland v. Washington, 466 U.S. 668, 693-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (other citations omitted). Therefore, Duval must meet the Strickland standard. The trial court found, and the record supports, that Black's limited participation did not constitute ineffective assistance of counsel.
Accordingly, we conclude that the trial court correctly determined that Black's participation in the trial did not result in the prejudice necessary for a finding of ineffective assistance of counsel. Further, we hold that participation of a nonlawyer, without a defendant's written consent, does not constitute per se reversible error under the facts of this case.[5] The trial court found, and we agree, that the failure to comply with the rules in this case was unintentional and inadvertent. We are nonetheless concerned because the failure to comply with the rules deprived the trial court of the opportunity to exercise its duty of judicial oversight to determine the extent of an intern's participation. See Dixon v. State, 191 So.2d 94 (Fla. 2d DCA 1966) (affirming trial court's refusal to allow legal interns to participate).
Because the issue before us has not been previously ruled on by our supreme court and we consider the question to be one of great public concern, we certify the following to the supreme court:
IS AN INDIGENT CRIMINAL DEFENDANT ENTITLED TO POSTCONVICTION RELIEF WITHOUT A SHOWING OF PREJUDICE WHEN A NONLAWYER REPRESENTED THE DEFENDANT WITHOUT OBTAINING THE DEFENDANT'S WRITTEN CONSENT OR OTHERWISE COMPLYING WITH THE RULES GOVERNING THE LAW SCHOOL PRACTICE PROGRAM?
Affirmed; question certified.
ALTENBERND, A.C.J., and DAVIS, J., Concur.
NOTES
[1] During the pendency of his direct appeal, Duval filed a motion for postconviction relief and a motion in this court to relinquish jurisdiction so that the postconviction matter could be considered by the trial court. Subsequently, the trial court denied relief, concluding that the issue should have been raised in the direct appeal. This court reversed, concluding that the matter could properly be raised in a postconviction motion, and the matter was remanded for additional proceedings. See Duval v. State, 709 So.2d 132 (Fla. 2d DCA 1998). This appeal resulted.
[2] The only record evidence on the issue comes from the case progress abstract, which lists on the trial date "ASST. PUB. DEF: JOHN SZPAKOWSKI AND CHRISTINE BLACK."
[3] Section 454.23, Florida Statutes (1995), provides: "Any person not licensed or otherwise authorized by the Supreme Court of Florida who shall practice law or assume or hold himself out to the public as qualified to practice in this state" is guilty of a misdemeanor.
[4] See, e.g., A.D. v. State, 740 So.2d 565 (Fla. 5th DCA 1999) (reversing because juvenile was represented by intern at disposition hearing; record silent regarding juvenile's waiver or consent and no showing that intern was supervised at hearing); L.R. v. State, 698 So.2d 915 (Fla. 4th DCA 1997) (reversing because written consent failed to correctly name legal intern); M.C. v. State, 687 So.2d 832 (Fla. 4th DCA 1996) (reversing based on lack of written consent and lack of inquiry by court regarding such consent); S.B. v. State, 670 So.2d 1076 (Fla. 4th DCA 1996) (affirming; although written consent form was technically deficient, presence of unnamed supervising attorney at all critical stages rendered error harmless); R.M. v. State, 664 So.2d 42, 43 (Fla. 4th DCA 1995) (reversing because "although R.M. orally consented to be represented by a certified legal intern, he did not do so in writing, and was not advised that he could refuse and be represented by a member of the bar"); In Interest of J.H., 580 So.2d 162 (Fla. 4th DCA 1991) (reversing in the absence of an intelligent waiver; consent form did not notify J.H. of right to have supervising attorney present when required by judge), approved, 596 So.2d 453 (Fla.1992) (amending R. Regulating Fla. Bar 11-1.2(a) to require supervising attorney's presence at all critical stages); In Interest of L.S., 560 So.2d 425 (Fla. 4th DCA 1990) (reversing based on lack of written consent); In Interest of A.R., 554 So.2d 640 (Fla. 4th DCA 1989) (same); In Interest of C.B., 546 So.2d 447, 448 (Fla. 4th DCA 1989) (reversing based on lack of direct evidence that C.B. consented to intern's representation; although intern testified that juvenile was informed of her status, court found this to be "no substitute for proof in the record reflecting that the defendant understood his options and knowingly waived his rights").
[5] We note that the Third District declined to adopt a rule of per se error in an analogous case. See White v. State, 464 So.2d 185 (Fla. 3d DCA 1985) (holding that attorney's suspension from practice for failure to pay Bar dues does not per se result in an unconstitutional denial of the right to counsel).