881 So.2d 50 (2004)
D.K., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-3686.
District Court of Appeal of Florida, Fourth District.
August 18, 2004.
Carey Haughwout, Public Defender, and Richard B. Greene, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
D.K. appeals the disposition order withholding adjudication and finding that she falsely reported a crime. Because we find *51 that D.K. did not adequately waive counsel, we reverse and remand.
On March 11, 2003, the State filed a Petition for Delinquency alleging that D.K. falsely reported a crime. At trial, D.K. was represented by a certified law student. A Consent For Appearance relating to the representation by the law student was filed in court on the day of trial. The consent form does not state the name of the certified law student representing D.K. The form states "I acknowledge that I have been advised and understand that [sic] is a certified law student and has complied with Chapter 11 of the Rules of the Supreme Court regulating the Florida Bar." The trial court found D.K. did falsely report a crime and placed her on probation, withholding adjudication. D.K. now appeals.
"A juvenile has a constitutional right to assistance of counsel at the critical stages of delinquency proceedings, and the denial of the right is fundamental error." A.D. v. State, 740 So.2d 565, 565 (Fla. 5th DCA 1999) (citing J.R.V. v. State, 715 So.2d 1135 (Fla. 5th DCA 1998)). A waiver of this right to the assistance of counsel must be both knowing and intelligent. See T.S. v. State, 773 So.2d 635, 636 (Fla. 5th DCA 2000) ("The trial court's failure to advise T.S. of her right to counsel at the plea hearing, and to obtain a knowing and intelligent waiver of that right or to make a record which demonstrates these requirements were satisfied, is fundamental error."). Where a defendant waives counsel and consents to the appearance of a legal intern or law student, we have previously stated that:
Rule 11-1.2(b) of the Rules Regulating the Florida Bar requires that a client indicate "in writing" the approval of a student's appearance on the client's behalf. Rule 11-1.2(e) requires that the written "consent and approval" be filed in the record of the case and brought to the attention of the presiding judge. Our reading of the rules is that the consent must refer by name to the student who actually handles the case.
L.R. v. State, 698 So.2d 915, 916 (Fla. 4th DCA 1997) (emphasis added). Thus, in L.R. where the waiver form in the record indicated the defendant was consenting to the representation of one law student, but L.R. was actually represented by another law student, this court found reversible error. Id. Here, D.K.'s written waiver of counsel, like L.R.'s waiver, was inadequate because the consent form did not state the name of the certified law student who was representing her.
We find the State's argument that Duval v. State, 744 So.2d 523 (Fla. 2d DCA 1999) is controlling in this situation to be without merit. In Duval, the court approved the denial of Duval's 3.850 motion which he filed alleging that he had been "denied his Sixth Amendment right to the assistance of counsel because he was represented in part by a certified legal intern without his knowledge and consent." 744 So.2d at 523-24. The certified legal intern cross-examined what the trial court termed a "relatively insignificant" witness at his trial. Id. at 524. It was undisputed in Duval that the certified legal intern acted "under the direct supervision of ... [an] assistant public defender" who was present at all "critical stages of the proceedings," including when the certified legal intern was cross-examining the witness. Id. It was also undisputed that no written consent from Duval was obtained for the intern's participation in the proceedings. Id. After the trial court held an evidentiary hearing, it found that Duval "knew he was being represented in part by an intern and the intern was, in fact properly supervised." Id. at 525.
*52 On appeal, the second district found "[w]ithout hesitation" that it was error for Duval's written consent to not have been obtained. Id. However, the court found that as there was no allegation of prejudice from the representation by the legal intern there could only be reversible error where counsel was "`totally absent, or prevented from assisting the accused during a critical stage of the proceeding.' "Id. (quoting United States v. Cronic, 466 U.S. 648, 659 n. 25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). The court concluded that because the assistant public defender was present during the cross-examination at issue and the legal intern's "limited participation did not constitute ineffective assistance of counsel," under the facts of the case, the participation of the non-lawyer without Duval's written consent was not per se reversible error. Id. at 526.
Unlike the situation in Duval, in this case, the law student represented D.K. throughout the entire trial rather than just during one cross-examination of a "relatively insignificant" witness. Furthermore, while the transcript demonstrates that the assistant public defender was certainly present at the beginning of the trial, shortly before the last witness testified, and at the end of the trial, it is not clear that the assistant public defender was present throughout the entire trial. Whereas, Duval considered a 3.850 motion after an evidentiary hearing where it was definitively established that trial counsel was present during the legal intern's cross-examination and that Duval knew he was being represented by the legal intern, this court considers this issue on direct appeal where the only clear evidence in the record is the waiver.
On this record, because the name of the certified legal intern representing D.K. is not listed on the waiver form, it cannot be said that D.K. made a knowing and intelligent waiver of her right to legal representation. See In the Interest of J.H., 580 So.2d 162, 163 (Fla. 4th DCA 1991) (finding that where a form failed to state that the appellant had a right to have a "`supervising attorney personally present when required by the trial judge'" and where the appellant was not advised of this right when she entered her plea, the "appellant could not have intelligently waived her right to be represented by a lawyer") approved, 596 So.2d 453 (Fla.1992). Accordingly, we reverse and remand for a new adjudicatory hearing.
REVERSED and REMANDED.
GUNTHER, STEVENSON and HAZOURI, JJ., concur.