IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

June 3, 2016

MICHAEL A. HAGAN,           )
                            )
        Appellant,          )
                            )
v.                          )           Case No.  2D14-1100
                            )
STATE OF FLORIDA,           )
                            )
        Appellee.           )
                            )
_____)

BY ORDER OF THE COURT:

        Upon consideration of a motion for rehearing, rehearing en banc, or for written

opinion filed by the appellant on March 29, 2016,

        IT IS ORDERED that the motion for written opinion is granted regarding the issue

of whether the trial court erred in dismissing appellant's request for jail credit.  The

motions for rehearing and rehearing en banc are denied.  Accordingly, the opinion dated

March 16, 2016, is withdrawn, and the attached opinion is substituted therefor.  No

further motions will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

c:      Terrence E. Kehoe, Special Asst. P.D.
        Wendy Buffington, Asst. A.G.

MICHAEL A. HAGAN, )
)
Appellant, )
)
v. ) Case No. 2D14-1100
)
STATE OF FLORIDA, )
)
Appellee. )
_____)

Opinion filed June 3, 2016.

Appeal from the Circuit Court for Polk
County; John K. Stargel, Judge.

Howard L. Dimmig, II, Public Defender,
and Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Wendy Buffington,
Assistant Attorney General, Tampa,
for Appellee.

SILBERMAN, Judge.

Michael A. Hagan seeks review of his judgment and sentences for

tampering with evidence and second-degree murder. We affirm Hagan's convictions

without comment. As for Hagan's challenge to his sentences, we reverse for the sole

purpose of amending the sentences to reflect the relief granted pursuant to his motion

to correct sentencing error. We affirm the court's dismissal of Hagan's request for jail

credit without prejudice to his filing a legally sufficient motion pursuant to Florida Rule of Criminal Procedure 3.801.

At the sentencing hearing, the trial court orally pronounced sentences of life in prison with a twenty-five-year mandatory minimum for second-degree murder and five years in prison for tampering with evidence. The court imposed the life sentence consecutive to the five-year sentence. However, the written sentence reverses the designation and imposes the five-year sentence consecutive to the life sentence. After the notice of appeal was filed, Hagan filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he argued that the written sentence fails to comport with the court's oral pronouncement. The trial court granted relief on this basis and ordered that the written sentence be corrected to designate the life sentence as consecutive to the five-year sentence. Despite these directions, an amended sentence has not yet been entered. Accordingly, we must reverse and remand for the entry of an amended sentence reflecting the relief granted.

In his rule 3.800(b) motion, Hagan also requested that the court award him 731 days of credit for the time he spent in county jail prior to sentencing. We conclude that the trial court properly dismissed Hagan's request without prejudice because it was facially insufficient under rule 3.801. See Maldonado v. State, 145 So. 3d 913, 914 (Fla. 2d DCA 2014); Adkins v. State, 183 So. 3d 1102, 1103 (Fla. 5th DCA 2015). Accordingly, we affirm the dismissal of Hagan's request for jail credit without prejudice to his filing a legally sufficient rule 3.801 motion within sixty days of mandate.

Affirmed in part, reversed in part, and remanded.

LaROSE and LUCAS, JJ., Concur.