IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DARION JOHNSON,

      Appellant,

v.                                 Case No.  5D17-177

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed May 25, 2018

Appeal from the Circuit Court
for Orange County,
Thomas W. Turner, Judge.

Terrence E. Kehoe, of Law Office of
Terrence E. Kehoe, Orlando, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Andrea K. Totten,
Assistant Attorney General, Daytona
Beach, for Appellee.

COHEN, C.J.

Following a jury trial, Darion Johnson was convicted of aggravated battery on a pregnant person. See § 784.045(1)(b), Fla. Stat. (2016). On appeal, Johnson argues that the State committed fundamental error in its method of impeaching his testimony and that he is entitled to a new trial because his court-appointed attorney was suspended from the practice of law during the trial. He also contends that he is entitled to the entry of

sentencing documents correcting the credit for time served and modifying or removing certain costs. We affirm Johnson's conviction but remand for the entry of corrected sentencing paperwork.

At trial, Johnson testified on his own behalf. Johnson had three impeachable prior convictions—burglary of a dwelling, grand theft, and petit theft. The prosecutor inquired of Johnson whether he had any felony convictions, and Johnson responded that he had two. The prosecutor then asked Johnson whether he had any convictions for crimes involving dishonesty, and Johnson again answered two.

Johnson's answers were accurate: he was convicted of both grand theft and petit theft, crimes involving dishonesty, and both the burglary and grand theft convictions are felonies. However, Johnson's answers left the false impression that Johnson had four rather than three prior convictions. Although the questions could have been more precise, it does not appear that the prosecutor intended to mislead the jury. Nor do we believe that the testimony, to which there was no objection, rises to the level of fundamental error. "To be fundamental, an error must 'reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" Farina v. State, 937 So. 2d 612, 629 (Fla. 2006) (quoting Harrell v. State, 894 So. 2d 935, 940 (Fla. 2005)).[1]

The crux of this case involves the failure of Benjamin Davis, Johnson's court-appointed attorney, to complete The Florida Bar continuing legal education basic skills requirement. Johnson moved for a new trial alleging that Davis was suspended from the

---

[1] The prosecutor only referenced Johnson's criminal history in passing during closing argument, noting that Johnson was a prior-convicted felon and had been convicted of crimes of dishonesty without mentioning the number of prior convictions.

practice of law at the time of his trial. Johnson argued that representation by counsel unlicensed to practice law violated his constitutional rights under the Sixth Amendment.

It appears that Davis was unaware of the deficiency at the time of trial, which took place on November 14 and 15, 2016. The Florida Bar sent the deficiency notice on November 15, 2016. Davis received the notice on November 18, 2016, and filed a petition for removal of delinquency the same day. While the lack of knowledge of the suspension is important to our consideration, lawyers (and judges) are required to comply with their continuing legal education requirements and deadlines. That Davis was unaware of the suspension at the time of trial is not dispositive.

Rule 1-3.6 of the Rules Regulating The Florida Bar provides that members who fail "to comply with continuing legal education or basic skills course requirements" shall be deemed delinquent. Fla. Bar. R. 1-3.6. "Delinquent members shall not engage in the practice of law in Florida nor be entitled to any privileges and benefits accorded to members." Id. Rule 1-3.7 governs reinstatement of membership. Fla. Bar. R. 1-3.7. It provides that "reinstatement from delinquency for payment of membership fees or completion of continuing legal education or basic skills course requirements approved within 60 days from the date of delinquency is effective on the last business day before the delinquency." Id. Members reinstated within the sixty-day window are "not subject to disciplinary sanction for practicing law in Florida during that time." Id.

Pursuant to The Florida Bar Rules, the trial court correctly found that "as Attorney Davis was reinstated within the 60-day period as outlined above in [rule 1-3.7], he is not subject to disciplinary sanctions and was reinstated on October 28, 2016 (the last

3

business day before the delinquency)." Therefore, Davis was never technically suspended from the practice of law because his reinstatement was retroactive.

Nonetheless, Johnson argues that the lack of counsel licensed to practice law at a criminal trial is structural, per se reversible error. He suggests that The Florida Bar's retroactive reinstatement does not alter the fact that at the time of trial, he did not have the benefit of a licensed attorney, which violated his Sixth Amendment right to counsel. We disagree. The type of delinquency Davis suffered was not the type contemplated under cases finding that the unauthorized practice of law warranted a new trial. See, e.g., State v. Joubert, 847 So. 2d 1023 (Fla. 3d DCA 2003) (finding attorney's disciplinary resignation, which was tantamount to disbarment, warranted vacating defendant's conviction; court noted that counsel intentionally misrepresented his status and the violation was neither technical nor ministerial); Huckelbury v. State, 337 So. 2d 400 (Fla. 2d DCA 1976) (concluding defendant received ineffective assistance of counsel when defendant pleaded guilty to first-degree murder on counsel's advice and person representing defendant was "imposter in the legal profession" and knowingly misrepresented his status to defendant; court noted that delinquency was not simply failure "to comply with some administrative requirement").

Instead, we align with our sister courts who have rejected a per se reversible error standard in this context. See White v. State, 464 So. 2d 185, 186 (Fla. 3d DCA 1985) (explaining that most courts "uniformly decline to adopt a per se rule that an attorney's suspension from the practice of law gives rise to a constitutional claim of denial of the right to counsel"). Because Davis's suspension was based on his failure to comply with continuing legal education requirements, it was unrelated to disciplinary proceedings, and

he had no knowledge of his licensing deficiencies at the time of trial, we find no reversible error. See, e.g., id. at 186–87 (finding attorney's suspension for failure to pay bar dues did not deny defendant his Sixth Amendment right to counsel); Dolan v. State, 469 So. 2d 142, 143 (Fla. 3d DCA 1985) (holding that attorney's reinstatement after suspension for failure to pay bar dues "is purely ministerial, the suspended status of the attorney simply has no bearing on his ability to effectively represent a criminal defendant" (citation omitted)); see also Thornhill v. State, 103 So. 3d 949, 951 (Fla. 4th DCA 2012) (holding that attorney's one-month suspension during defendant's representation constituted harmless error because attorney only performed ministerial tasks during suspension); Duval v. State, 744 So. 2d 523, 526 (Fla. 2d DCA 1999) (concluding defendant's representation by legal intern without defendant's consent was harmless error; representation "did not result in the prejudice necessary for a finding of ineffective assistance of counsel"; declining to adopt a per se rule).

However, the State properly concedes that Johnson is entitled to the entry of sentencing documents reflecting the correction of his credit for time served and the correction of certain costs. Indeed, Johnson filed a motion under Florida Rule of Criminal Procedure 3.800(b), and the trial court granted the request. However, no corrected sentencing documents followed. See Hagan v. State, 193 So. 3d 1008, 1009 (Fla. 2d DCA 2016) (remanding for entry of amended sentencing document that had not yet been entered after trial court granted relief on defendant's rule 3.800(b) motion).

AFFIRMED; REMANDED for entry of corrected sentencing documents.

TORPY and EISNAUGLE, JJ., concur.

5